Nott, J.,
delivered the opinion of the court:
The Supreme Court must have determined the case of La Feyre (ante, p. 165) that the Treasury regulations which provided for a sale and resale of property under the Act 2d July, 1864, (13 Stat. L., p. 375, § 8,) were valid and the act constitutional. In that case those questions were necessarily involved, and the court, apparently having determined them, ordered a further argument of the case upon the resulting question as to when the Presidents proclamation 24th June, 1865, took effect. We must therefore conclude that the claimant here had no legal right to bring cotton into New Orleans in September or Decem- *464 her, 1864, except upon the terms and conditions imposed by the statute, and the regulations made in pursuance thereof.
It is argued with learning and ingenuity that the transaction between the claimant and the Treasury agent was not a voluntary sale as contemplated by the statute, because his property was then held in duress, and the element of consent, the power to refuse, was wanting. But the fact of duress depended upon the right of the claimant to demand his property. He had, in fact, no such right, and the agent had no legal power to surrender the cotton. The only option which the claimant possessed was to carry out the interrupted transaction of bringing the cotton in under the permit, or to treat the cotton as captured property, and have all of the proceeds thrown into the abandoned or captured property fund. He elected the former course, and received its benefits, and is concluded from saying that his act was not voluntary. The loss which he suffered from needless delay and a declining market cannot affect the character of the transaction.
The judgment of the court is that the petition be dismissed.