## H. W. FOOTE *v.* D. G. FARMER.

LIMITATION OF ACTIONS. *Code* 1880, ⸹ 2670. *Unwritten contract. Order for warrant.*

Where one secured an advance of money by giving an order for a delivery of a county warrant for a certain amount, the cause of action upon its non-delivery is not on the order as being in itself a promise to pay or an acknowledgment in writing of an account due, but is on an unwritten contract within the meaning of ⸹ 2670, code 1880, which bars such actions in three years.

FROM the circuit court of Noxubee county.

HON. S. H. TERRAL, Judge.

On January 5, 1888, appellee, D. G. Farmer, who was engaged in building bridges for the county of Noxubee, obtained an advance of $240 from appellant, H. W. Foote, and at the same time gave him an order, as follows :

"JANUARY 5, 1888.

"R. C. PATTY—Please deliver to H. W. Foote $240 in county warrants out of the first warrants coming to me, and oblige,                                D. G. FARMER."

Farmer represented at the time that the county would be indebted to him on April 1, 1888, by which time he expected to complete the work in hand. On that date Foote presented the order, but Patty, the chancery clerk, refused to deliver the warrant. More than three years afterwards, on July 9, 1892, Foote, having failed to get either the warrant or payment from Farmer, filed his declaration against Farmer, reciting the foregoing facts, and demanding judgment for the amount of the order and interest. Defendant pleaded the three-years statute of limitations, to which plaintiff demurred. The demurrer was overruled, and judgment rendered for the defendant, from which plaintiff appeals.

Section 2670, code 1880, is as follows: "Actions on any open account or stated account, not acknowledged in writing,

signed by the debtor, and on any unwritten contract, express
or implied, shall be commenced within three years next after
the cause of such action accrued, and not after."

*H. W. Foote,* appellant, *pro se.*

This action is brought on the written order of defendant,
and is of that character of action provided for in § 2669,
code 1880, which provides that all actions for which no
other period of limitation is prescribed shall be commenced
within six years. It is true there was no express promise to
pay back the money, but there was an implied contract so to
do. *Musgrove* v. *Jackson,* 59 Miss., 390. Section 2670, code
1880, relates to open accounts and accounts stated. This
order is neither, and therefore the section is not applicable.

*A. C. Bogle* and *J. W. Drake,* for appellee.

The liability of the appellee to pay the amount of the order
in case of its dishonor, is not a promise in writing within
the provisions of the six-years' statute of limitations. The
liability is one implied by law from the transaction between
the parties, and the action became barred in three years.
Code 1880, § 2670. The order contains no express promise
to pay any amount nor any acknowledgment of an amount
due on an open or stated account. There is no other promise
in the case, except such as the law raises by implication from
the acts of the parties. The action is, therefore, on an un-
written contract within the meaning of said section. See
*Knight* v. *Railway Co.,* 30 N. E. Rep., 543; *Guild* v. *McDan-
iel,* 23 Pac. Rep., 607 (43 Kan., 548); *Rogers* v. *Durant,* 11
Sup. Ct. Rep., 754; *Fletcher* v. *Gillan,* 62 Miss., 8.

CAMPBELL, C. J., delivered the opinion of the court.

The three-years statute of limitations barred the cause of
action here sued on. Code 1880, § 2670. The action is not
on a written contract, but on an unwritten one. The order
of Farmer to Patty to deliver to Foote a county warrant is

not the cause of action. It does not import one. It does not contain a promise of payment of money or other thing, or an acknowledgment of indebtedness. It carries no such idea on its face. To make it valuable as a mere link in a chain of evidence to show indebtedness, it would have to be supplemented by other evidence showing how it came to be given. The plaintiff recognized the necessity of this, and the declaration narrates the transaction out of which the order arose. While the order is part of the history of the case, it is not the cause of action or sufficient to constitute one. The statute mentioned bars actions on any unwritten contract in three years. To take a case out of this statute, there must be a writing evidencing an acknowledgment of indebtedness or promising to pay, in such terms as to render any supplementary evidence unnecessary. The suggestion that no time was stated for the delivery of the warrant is answered by the averment of the declaration that it was to be by April 1, 1888.

*Affirmed.*