HAWKINS *v.* ELLIS.

(Division A.   Jan. 1, 1934.)

[151 So. 569.   No. 30914.]

B. H. Loving and Frank A. Critz, both of West Point, for appellant.

W. N. and **Eugene B. Ethridge,** both of Houston, for appellee.

McGowen, J., delivered the opinion of the court.

Hawkins, trustee, instituted this suit in a justice of the peace court on a promissory note for twenty-three dollars and nine cents and interest thereon, dated March 10, 1925. The appellee pleaded that he did not owe the note, and further pleaded a set-off, amounting to eighty-seven dollars and nine cents, with interest at six per cent from the date thereof. There was a judgment for the defendant in the justice of the peace court that he did not owe the note sued on, and a judgment over on the set-off for eighty-seven dollars and nine cents. Appeal was prosecuted to the circuit court, where the case was tried on its merits and submitted to the jury, which returned a verdict against the plaintiff and in favor of the defendant on the set-off for one hundred forty-seven dollars and nine cents, and judgment was accordingly entered by the court; and an appeal is prosecuted here by Hawkins, trustee.

On the trial of the case it developed that in February, 1924, Ellis borrowed eight hundred dollars from Hawkins, trustee for Miss Sadie Kennedy, executed his note therefor, and gave a deed of trust to secure the payment thereof. Hawkins testified that the note for twenty-three dollars and nine cents was a settlement in full of the differences between him and Ellis. He admitted, however, that Ellis claimed he had then paid the note and did not owe anything whatever; Hawkins then demanded the twenty-three dollars and nine cent note, together with five hundred dollars cash, or he would immediately foreclose the mortgage which he held on Ellis' property. He

also admitted that, notwithstanding the eight hundred dollar note bore six per cent. interest on its face, by private agreement he was to receive eight per cent. thereon—a violation of section 1947, Code 1930. On the date of the note Ellis procured Young to pay five hundred dollars to Hawkins, and the latter transferred the note for eight hundred dollars without recourse to Young. At this time, according to the evidence which the jury accepted as true, Ellis had paid to Hawkins nine hundred forty-seven dollars and nine cents, which, including the payment of interest, was an overpayment of eighty-seven dollars and nine cents. These payments were made at various times during the year 1924, some of which were warrants due Ellis from the county for services as a driver of a school bus. The stubs of these warrants, showing Hawkins' receipt therefor, were offered in evidence; likewise, ordinary receipts for money were offered in evidence and acknowledged by Hawkins to be correct. He denied that he applied all of the money received from the proceeds of the warrants as credit on this note, for the reason that he permitted Ellis to have certain sums, the amount of which he did not remember. Ellis' evidence as to the overpayment was certain, definite, and supported by the stub book of the warrants cashed and the receipts. Neither the warrants nor the receipts nor the eight hundred dollar note showed any evidence that Hawkins, trustee, promised to pay, or became liable to Ellis for, any sum of money, or that the payments were other than as credits on the note.

The peremptory instruction as to the set-off, requested by Hawkins, should have been granted by the court. The claim for overpayment was barred by the three-year statute of limitations, and the six-year statute does not apply thereto. Neither the receipts nor the warrants evidenced in fact or by implication any acknowledgment of a debt on the part of Hawkins, nor did they by implication or otherwise evidence a promise to pay the amounts thereof

to Ellis. The receipts and warrants were competent evidence to show the payment, and to show that there was no consideration for the note, but they did not establish an acknowledgment of indebtedness or a promise to pay in such terms as to render supplemental testimony unnecessary. See Foote v. Farmer, 71 Miss. 148, 14 So. 445. There was no acknowledgment of debt such as is discussed in the cases of Washington v. Soria, 73 Miss. 665, 19 So. 485, 55 Am. St. Rep. 555, and Cock v. Abernathy, 77 Miss. 872, 28 So. 18; Section 2299, Code 1930. In this behalf a receipt for money must contain language on its face which implies a promise to repay or an admission that the receiver has plaintiff's money; there must be an admission, actual or implied, by the defendant that he owes a debt to, or promises to pay, the plaintiff, in order that there may be a contract evidenced by writings sufficient to toll the three-year statute of limitations. The receipts in this case contain no express promise, or words from which the law would imply a promise, to repay the money. See 37 C. J. 762, sec. 93. Ellis filed his set-off with the justice of the peace in January, 1931. His cause of action for overpayment therein claimed arose on March 10, 1925; therefore his set-off is barred at the expiration of three years from the time his cause of action accrued.

We are of opinion that we cannot disturb the verdict of the jury, finding against Hawkins that Ellis did not owe the note sued on in this cause. It is without conflict that the note was executed by Ellis at Hawkins' demand on a threat of immediate foreclosure if the note was not executed. This constituted duress of goods or coercion, and the jury has found that there was no consideration for the note, and therefore the payment of the five hundred dollars cash and Ellis' note for twenty-three dollars and nine cents was forced by coercion, and was not an accord and satisfaction between the parties. Ellis notified Hawkins on that day that he did not owe the amount of

434

the note here in controversy. According to the verdict of the jury, four hundred forty-seven dollars had been paid prior to this cash payment. The giving of the new note was not voluntary, but was coerced. In such case it was permissible for the defendant to show that there was no consideration for the note; no written pleadings in this respect being required in justice of the peace courts. The same rule is applicable to coercion as would be applicable in a case of fraud. Coercion is generally embraced in the term "duress of goods." Some courts have held that payment under such circumstances cannot be recovered because it was voluntary, but we prefer to adopt the other rule, which seems to be supported by the weight of authority. See 30 Cyc., pp. 1309, 1310. It was as though Hawkins had demanded the overpayment by use of physical force.

The action of the court below denying a recovery on the note is affirmed. As to the recovery by Ellis on the set-off, the case is reversed, and judgment to that effect is entered here for the appellant, Hawkins. Hawkins' demand for recovery on the note for twenty-three dollars and nine cents is denied, and judgment is entered in favor of Ellis to that effect.

Affirmed in part, and reversed in part.