## BLOUNT *v*. MILLER.

(Division A.   April· 1, 1935.   Suggestion of Error Overruled, April 29, 1935.)

[160 So. 598.   No. 31479.]

Colson & Guy, of Greenwood, for appellant.

494

Pollard & Hamner, of Greenwood, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is an action of replevin begun in a county court, in which the appellee was the plaintiff, and a judgment there in his favor was affirmed on appeal to the circuit court. The case was tried in the county court without a jury.

The evidence discloses that on December —, 1928, the appellant rented farm land from Wilson for the year 1929, and Wilson agreed to advance the money and supplies with which to make a crop on the land rented. On December 20, 1928, the appellant executed a deed of trust to Wilson on crops to be raised by him during the year 1929, and certain other personal property, including two mules, to secure the payment of a promissory note of eight hundred dollars due November 15, 1929, and any additional amount he might owe Wilson for advances made him for the making of the crop. Payments were made by the appellant on the debts secured by this deed of trust, but not sufficient in amount for the payment of both the note and the advances made in addition thereto.

The appellant's claim is that, when his payments are properly applied, the note will appear to have been paid; and, though a balance will appear to be due on the additional advances made him, the debt evidenced thereby is barred by the statute of limitations, section 2299, Code 1930. The appellee's contention is that, when the payments are properly applied, the debt for the advances

made, in addition to the note, will appear to have been paid, but there will remain a balance due on the note. If this is true, the cause of action will not be barred; the suit having been brought within six years from the maturity of the note. But the appellant also says that the six-year, and not the three-year, statute of limitations applies to the entire debt, for the reason that the deed of trust contains a promise to pay it, and therefore the debt is one evidenced by writing. Section 2292, Code 1930. Section 2299, Code 1930, provides that: "Actions on an open account or stated account not acknowledged in writing, signed by the debtor, and on any unwritten contract, express or implied, shall be commenced within three years next after the cause of such action accrued, and not after." "An open account is one which consists of a series of transactions and is continuous or current, and not closed or stated," 1 C. J. 601; and such is the account here for the advances made in addition to the promissory note.

The language of the deed of trust relied on by the appellant to withdraw the case from the provisions of this statute is: "Any and all sums of money or other valuable things which may hereafter, and within one year from the date of this instrument, advanced by said R. G. Wilson to or for the account of the grantor or grantors herein, or any of them, shall be secured by this instrument, bear interest at the rate of eight per cent per annum, be payable on demand unless otherwise agreed, and be collectible by sale of the property and choses in action herein assigned and conveyed as hereinbefore provided for." This language is insufficient to withdraw the case from the operation of the statute, for "to take a case out of this statute there must be a writing evidencing an acknowledgment of indebtedness, or promising to pay, in such terms as to render any supplementary evidence unnecessary." Foote v. Farmer, 71 Miss. 148, 14 So. 445, 446.

It is not clear, from the evidence, whether any advances had been made to the appellant when the promissory note was executed, but, if there had been, it is clear that the amount thereof was considerably less than the amount of the note. All advances made by Wilson were charged by him in the form of an open account, without allocating any specific portion thereof to the note, and continued for some time after the maturity of the note. On November 15, 1929, the date of the maturity of the note, this open account discloses that there had been advanced to the appellant money and supplies to the amount of one thousand seven hundred thirty-seven dollars and one cent, and that he had made payments thereon at different times, amounting to one thousand three hundred thirty-five dollars and sixty-five cents, leaving a balance then due Wilson of four hundred one dollars and thirty-six cents.

The appellant claims that these payments should be applied first to the promissory note, but we will place that contention on one side and express no opinion thereon, for the reason that the same result will be reached in another manner.

The payments made by the appellant after the 15th of November amounted to six hundred thirty-five dollars and seventy-five cents. As no applications of these payments were made by the parties, it devolves upon the court to make them. In doing this, one of two rules applies: First, that which requires such payments to be applied to the oldest item of indebtedness; and, second, that which requires them to be applied most favorably to the debtor, under the second of which the appellant says the demand should be applied to the promissory note. But the application of either rule will here disclose that the promissory note has been paid. If the payments are applied to the oldest indebtedness, they must, of course, be applied to the payment of the four

hundred one dollars and thirty-six cents, which antedated the advances thereafter made. When this is done, it will appear that the four hundred·one dollars and thirty-six cents was paid and that there remained two hundred thirty-four dollars and thirty-nine cents for application to the advances thereafter made. But the appellee says that several of the items charged after November 15th were then due and should be added to the items charged prior to that date. An examination of these items discloses that only one of them could possibly come within that category, and that is the charge of one hundred twenty-five dollars for rent on part of the land rented by appellant from Wilson. Deducting that amount from two hundred thirty-four dollars and thirty-nine cents would still disclose an overpayment of the indebtedness due on November 15th by one hundred nine dollars and thirty-nine cents. So far we have not dealt with interest. Consequently, we must hold that the promissory note has been paid.

This leaves a part of the advances made on open account by Wilson to the appellant after November 15, 1929, unpaid, but, as hereinbefore said, these items are barred by the three-year statute of limitations. We have left out of view the appellant's claim to credits which he says are disclosed by the evidence and do not appear on the statement filed by the appellee.

Instead of affirming the judgment of the county court, the court below should have reversed it and tried the case de novo. Section 704, Code 1930.

Reversed and remanded.