## KNOX v. INGALLS SHIPBUILDING CORPORATION.

### No. 11661.

Circuit Court of Appeals, Fifth Circuit.

Jan. 21, 1947.

John Brunini, of Vicksburg, Miss., for appellant.

E. J. Ford, of Pascagoula, Miss., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This is an action for damages alleged to have resulted to the appellant directly from the negligence of appellee's medical staff in failing properly to examine appellant and diagnose his injury. By such negligence, it was alleged that needless suffering was inflicted upon the plaintiff, and his recovery delayed if not rendered impossible. In the court below, the defendant moved to dismiss the suit for failure to state a cause of action. This motion was sustained, and from a judgment of dismissal the plaintiff appealed.

The facts in substance are as follows: In May, 1943, the plaintiff was employed by the defendant as a mechanic in its shipbuilding factory and yards at Pascagoula, Mississippi. There the defendant maintained a clinic and medical staff, to which its employees were required to report whenever they were injured. While in the performance of his duties, the plaintiff sustained an injury to his back. On reporting the same to his foreman, he was immediately directed to report to said clinic, which he did. Thereupon, he was examined by a member of the medical staff, who was a physician and an employee of the defendant. Said examining physician stated it to be his opinion that the injuries were not serious; but at that time, unknown to the plaintiff, his back was actually broken; and he was directed by said physician to continue his work, which was of a heavy character.

Ever since said date, plaintiff has suffered excruciating pain from this injury to his back, and although he reported the continuation of his suffering to said clinic, no X-rays were taken, notwithstanding plaintiff requested that this be done; and no effort was made to diagnose his injury properly and correctly, the same being dismissed as of no moment by the defendant's employees. Having a wife and child to support, and in reliance upon the advice and direction of the defendant, the plaintiff continued to work although his broken back constantly caused him great pain and suffering. Knowing his condition, in so far as the symptoms were concerned, the defendant in June, 1943, directed him to carry a large and cumbersome bundle of metal from one place to another in the shop. While endeavoring to carry said metal, the weight of the same shifted and, due to the weakness of his back, the plaintiff was compelled to catch the bundle in an unbalanced position. Immediately on so doing, he felt a stinging pain in his left groin.

In accordance with his previous instructions, thinking that he had ruptured himself, plaintiff again reported to the clinic maintained by the defendant. No regular physician was present at the time, and he was seen by a first-aid man who, on examination, stated that there was a lump in plaintiff's left side. An ice cap was applied, and he was then seen by a physician employed by the defendant, who instructed the plaintiff the return to work but to refrain from lifting any heavy loads for the time being. This physician also advised the plaintiff that he was not ruptured and that in a few days he would have no further trouble from his groin. During all of said time, plaintiff suffered constantly day and night from his back and, in addition, from the injury to his groin. Thereupon, plaintiff obtained a leave of absence and went to a hospital in Vicksburg, Mississippi, where he was given a thorough examination, which immediately disclosed that his back was broken and that he was ruptured. He was promptly operated on for his rupture, and a brace applied to his back,

which had to be worn for a period of anywhere from 6 to 12 months. Plaintiff then filed this suit for damages alleged to have been caused directly and proximately by defendant's negligence.

■ Since the alleged injuries occurred in Mississippi, and federal jurisdiction of the controversy depends solely upon diversity of citizenship, the decision of this case is governed by the substantive law of Mississippi; but procedural matters are controlled by the federal rules on the subject. Formerly, pleadings were construed strictly against the pleader, but now they are construed so as to secure the just, speedy, and inexpensive determination of every action.[1]

■ The motion to dismiss admits the well-pleaded facts in the complaint, and from these facts it is apparent that appellant was injured by the negligence of the defendant's agents. The appellee contends that an employer is not liable for the erroneous diagnosis or negligent treatment of an employee's ailment by one of its physicians, where the employer was not negligent in selecting the physician and had no knowledge of his incompetency, such physician having a good reputation. Such a rule is not absolute in Mississippi, although in some circumstances the master is not liable for the negligence or unskillfulness of a physician employed by him, provided he has exercised due care in selecting the physician.[2]

■■ There is nothing in the complaint to warrant the inference in this case that the master undertook gratuitously to furnish the servant medical assistance and was bound only to exercise reasonable care in the selection of a physician. On the contrary, it is reasonable to infer that the appellee established the clinic and employed the members of the medical staff for its own ends and purposes, thereby constituting the physician in charge its agent.

Reporting to the clinic was not optional with an injured party. The rules and regulations of the plant, which appellant was instructed to obey, required him to report to a clinic in charge of a physician employed by the appellee. Not only that, the foreman specifically ordered him to report in this instance. He obeyed this order, and was injured by the aforesaid negligence of the physician in charge, who represented the appellee and was neither selected nor employed by the appellant. The fact that no charge was made against the employee, or fee paid, for the doctor's services is not controlling. Every branch of a business need not be directly remunerative in order to warrant its maintenance for pecuniary reasons. The allegation is that the appellant "was seen by a physician employed by defendant," who instructed him to return to work but to refrain from lifting heavy loads for the time being.

As to this physician and his treatment of appellant, on such allegations, the doctrine of respondeat superior applies.[3] The appellee contends that the nature of the physician's vocation prohibits the application of this doctrine. We know of no public policy against its application. Physicians and surgeons, in undertaking the duties of their profession, impliedly warrant that they are possessed of the requisite skill, learning, and technical training to do the work required of them. The personal liability of the doctor must not be confused with that of his employer. The doctor's liability remains the same whether or not his employer is also liable.

■ The principal is responsible for the tort of his agent, not because the former has done wrong, but because the law so declares as a matter of public policy. There is no more reason to except employers of physicians from the doctrine of respondeat superior than there is to except employers of other highly skilled persons who perform technical services re-

[1] Rule 1 of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

[2] Eastman-Gardiner Co. v. Permenter, 111 Miss. 813, 72 So. 234; James v. Yazoo & M. V. R. Co., 153 Miss. 776, 121 So. 819.

[3] Blue Bell Globe Mfg. Co., Inc., v. Lewis, Miss., 27 So.2d 900; Ebert v. Emerson Electric Mfg. Co., Mo.App., 264 S.W. 453, 458; Rannard v. Lockheed Aircraft Corporation, 26 Cal.2d 149, 157 P.2d 1.

976

quiring discretion. Whether the doctor was acting for any one other than himself when he committed the tort, and if so for whom, are questions of fact unless the facts are undisputed and conflicting reasonable inferences may not fairly be drawn therefrom. The judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.