**ROSE v. ROSE et al.**

No. 11947.

Circuit Court of Appeals, Fifth Circuit.

June 23, 1947.

WALLER, Circuit Judge, dissenting.

———◆———

Irwin Geiger, of Washington, D. C., and Thomas Y. Minniece, of Meridian, Miss., for appellant.

E. L. Snow and J. A. Covington, Jr., both of Meridian, Miss., for appellees.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment sustaining a motion to dismiss the complaint for failure to state a claim upon which relief could be granted. Such motion admitted all of the well-pleaded facts.

The complaint alleges that appellant was a partner of one of the defendants in the retail jewelry business, and that he received notice in 1942 to report for induction into the armed forces of the United States; that the defendants and each of them "thereupon agreed, conspired, and confederated together to oust plaintiff from his partnership" and wrongfully to force him to transfer his interest therein to certain of the defendants. It alleges how, upon the eve of his induction, the scheme was tortiously accomplished and how he was forced to sell his interest for a "negligible fraction" of its true value; that he entered the military service in February, 1942, and continued therein on active duty until March, 1946, when he was honorably discharged after prolonged service in the battle areas of the Pacific.

During his absence overseas, it is alleged, the said jewelry business earned a net profit of upwards of $200,000, of which, but for his wrongful and coercive ouster, the appellant would have been entitled to and would have received one-half. The complaint is in two counts; in the first, he seeks to recover both actual and punitive damages; in the second, he prays that the interest in the partnership busi-

ness acquired from him be impressed with a trust for his benefit, and for such further relief as may be proper.

■ Upon these facts, under count one, we think the appellant stated an action for duress of goods under circumstances of great hardship, and is entitled to have his damages assessed by a jury unless an answer is filed denying the averments or otherwise presenting an issue of fact.[1]

■ Prima facie every partnership is determinable at will; and, since there is no allegation as to its duration, we presume that this one was so determinable; but the motion and judgment below dealt with the complaint in its entirety, and it is unnecessary for us to decide more at this time than that the court erred in its dismissal of the entire suit. Counts one and two do not differ as to the facts alleged, but only in that different and inconsistent remedies are sought, one of a legal and the other of an equitable nature.

The judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

WALLER, Circuit Judge (dissenting).

I do not think the complaint stated a claim upon which relief could be granted either for civil conspiracy, fraud, deceit, duress, conversion, or under any other remedy known to law or equity.

True, Appellant's ninety-day old partnership was dissolved, but his partners, who are named as defendants, had the undoubted right to disolve it at will. He not only did not protest or object to the dissolution but he accepted $500 in cash and the settlement of an indebtedness due by his father to his aunt. He not only ratified the dissolution of his partnership by accepting the foregoing financial benefits and results, but he made no protest and took no action until four years later when the parties could not be placed in statu quo.

He says one of the defendants took over the partnership bank account and changed the lock on the door of the partnership jewelry store, but he does not allege that he had any money coming to him out of the bank account or that if he had any it was not paid to him. He does not allege that he asked for, and was refused, a key to the new lock, or that the change in lock and bank account was not lawfully authorized by one of his partners. I do not think that the complaint negatives the idea that the uncle merely took charge of the assets of the partnership while it was being wound up, even though he did so without his knowledge. Being drafted for military service is not duress by either of the defendants. Moreover, he did not enter the service until ten days after the acts complained of, and it is not shown how long plaintiff remained in the United States before leaving for the Pacific. His laches is not excused. He makes no offer to return the consideration that he received and kept for four years, during which he made no complaint, nor effort to rescind the dissolution that he had acquiesced in and which his partners had a right to make.

No liability whatsoever is shown against the defendants, Emmanuel M. Rich, Bertha Rich, and Karleen Klein Rose.

I think that the general conclusions in the complaint are negatived by the particularizations that appear therein.

The action of the lower Court was correct and its judgment should be affirmed.

---

[1] Hawkins v. Ellis, 168 Miss. 428, 151 So. 569, 570; 14 C.J.S., Coercion, p. 1307; 17 C.J.S., Contracts, § 175, p. 533. "It has been held that restraint of goods under circumstances of hardship will avoid a contract; [Collins v. Westbury], 2 Bay [S.C.], 211 [1 Am.Dec. 643]; [Ripley v. Gelston], 9 Johns. 201 [6 Am. Dec. 271]; [Elliott v. Swartwout], 10 Pet. 137, [9 L.Ed. 373]; [Spaids v. Barrett], 57 Ill. 289 [11 Am.Rep. 10]; [Chandler v. Sanger], 114 Mass. 364 [19 Am.Rep. 367]; [City of Philadelphia v. Miskey], 68 Pa. 49; [Adams v. Reeves], 68 N.C. 134 [12 Am.Rep. 627]; [Radich v. Hutchins], 95 U.S. 210 [24 L.Ed. 409]; 11 Exch. 878. But see [Hazelrigg v. Donaldson], 2 Metc., Ky., 445; [Maissonnaire v. Keating], Fed.Cas.No.8,978; 2 Gall. [325], 337; [Block v. United States], 8 Ct.Cl. 461; [Lehman v. Shackleford], 50 Ala. 437." Bouv.Law Dict., Rawle's Third Rev., p. 959, Duress.