**JOHN WALKER & SONS, Limited v. TAMPA CIGAR CO., Inc.**

No. 13837.

United States Court of Appeals, Fifth Circuit.

May 23, 1952.

Harry B. Terrell, Tampa, Fla., Ellis W. Leavenworth, New York City, for appellant.

E. O. Palermo, Tampa, Fla., for appellee.

Before HUTCHESON, Chief Judge, and BORAH, and STRUM, Circuit Judges.

BORAH, Circuit Judge.

Plaintiff-appellant, as the registered owner of two trademarks for a blend of straight Scotch whiskies, brought this suit for trademark infringement and unfair trade practices, praying that the court enjoin the defendant from using the name of Johnnie Walker upon or in connection with the sale of cigars and for an accounting of profits, damages, costs, and destruction of infringing labels, signs, prints, packages, wrappers, receptacles, advertisements, etc., in the possession of the defendant.

In response to the complaint the defendant moved to dismiss the action on the ground that the complaint failed to state a claim upon which relief could be granted. The cause came on for hearing upon the motion to dismiss and after hearing argument of counsel the court entered its order granting the motion without leave to amend. To reverse that order, this appeal is prosecuted.

Briefly stated, the complaint alleges that plaintiff, the registered owner of the trademarks Johnnie Walker and a picture of Johnnie Walker, is a British corporation which manufactures and sells a blend of straight Scotch whiskies. For many years it has shipped whiskey to the United States, where it has been extensively advertised and sold throughout the country under the name and picture of Johnnie Walker. In consequence, Johnnie Walker Scotch Whiskey has been known, recognized, and identified by these two trademarks and a valuable good will attaches to each of them. The defendant, a Florida corporation, manufactures and sells cigars. Long after the dates of the first use of plaintiff's trademarks in the United States, the defendant started using the name Johnnie Walker on its cigars and, in association with the name, has been using a picture of a man wearing a high hat and holding in his hand a monocle, which is but a colorable imitation of the head and shoulders of the plaintiff's picture of Johnnie Walker. The defendant's use of the name Johnnie Walker has been without the plaintiff's consent and although the plaintiff has demanded that the defendant discontinue such use, it has not done so. The complaint charges that the use of the name is likely to cause confusion, or mistake, or to deceive purchasers as to the origin of defendant's cigars, and is likely to create the erroneous impression that defendant's cigars originate with plaintiff, or are endorsed by the plaintiff; that the defendant has acted with full knowledge of the good will attaching to the plaintiff's trademarks and with the intention and for the purpose of trading on such good will and thereby reaping the benefit and advantage thereof; and that by its acts the defendant is infringing plaintiff's trademark Johnnie Walker and is unfairly competing with the plaintiff.

■ Rule 8 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that a pleading shall set forth a short, plain statement of the claim showing that the pleader is entitled to relief and that each averment in a pleading shall be simple, concise, and direct. Absent from this rule is the old requirement of common law and code pleading that the pleader set forth "facts" constituting a cause of action. It is also elementary that a complaint is not subject to dismissal unless it appears to a certainty that the plaintiff cannot possibly be entitled to relief under any set of facts which could be proved in support of its allegations. Even then, a court ordinarily should not dismiss the complaint except after affording every opportunity to the plaintiff to state a claim upon which relief might be granted.

This court and others have frequently laid down the rule that in considering a motion to dismiss the allegations of the complaint must be viewed in a light most favorable to the plaintiff, and all facts well pleaded must be admitted and accepted as true. Cromelin v. United States, 5 Cir., 177 F.2d 275; Hilliard v. Brown, 5 Cir., 170 F.2d 397; Rose v. Rose, 5 Cir., 162 F.2d 587; Knox v. Ingalls Shipbuilding Corporation, 5 Cir., 158 F.2d 973; Mitchell v. Wright, 5 Cir., 154 F.2d 924.

■ In the light of these principles, we think it clear that the court below erred in dismissing the complaint. We are in no doubt that the complaint states a claim upon which relief could be granted. The argument that the public is not apt to believe that Johnnie Walker whiskey and Johnnie

Walker cigars have a common source of origin and that it has not taken the trademark Johnnie Walker with the intention of trading on the good will of the plaintiff's trademark, overlooks the point that the motion to dismiss accepts as true all facts well pleaded and, indeed, exemplifies the necessity for a trial in this case. Certain it is this suit for trademark infringement may not be dismissed on motion where there is presented a factual issue as to whether defendant's use of the name Johnnie Walker is likely to cause confusion or mistake or to deceive purchasers as to the source of origin of such goods.

The judgment of the District Court is reversed and the cause is remanded to that court with directions to overrule the motion to dismiss and for further proceedings not inconsistent herewith.