JONES, Justice.
Appellee sued appellant in the Chancery Court of the First Judicial District of Hinds County, Mississippi, alleging that appellant had contracted with him when he was employed to pay certain supplemental benefits in the event of injury compensable under the workmen’s compensation law. Judg-' ment was rendered for appellee and appellant appeals to this Court. We reverse the case.
There are several assignments of error, but we deem it necessary to discuss only one, that the lower court erred in failing to apply the three-year statute of limitations.
The bill of complaint alleged that on or about July 28, 1954, appellee was offered employment by appellant and was advised a plan had been inaugurated under which appellant agreed to pay to any employee who become entitled to workmen’s compensation benefits an additional sum which, when added to the compensation payments, would amount to two-thirds of the average weekly wage. Appellee asserted he accepted said plan by entering into the employment of appellant.
On September 26, 1956, appellee sustained an accidental injury which was compensable under the workmen’s compensation law, and was temporarily and partially disabled from September 26, 1956, to February 7, 1957. During this time, while appellee performed light work, appellant continued to pay his wages. He became temporarily totally disabled on February 6, 1957, and remained in this status until December 10, 1959, when he was adjudged to have reached maximum recovery.
Appellant’s insurance carrier was ordered to pay, and did pay, appellee $25.00 per week from February 7, 1957, to December 10, 1959. On February 7, 1957, appellant began to pay appellee supplemental compensation and continued same until March 5, 1957, when such additional compensation was discontinued.
Accompanying the checks sent to appellee was a printed memorandum reading as follows:
SUPPLEMENTAL COMPENSATION PAYMENT
By agreement certain workmen’s compensation payments to you have been arranged as a result of an occupationally incurred injury in accordance with the workmen’s compensation law.
Additional compensation payments supplementing the above will be made to you at the gross rate of $55.87 per week. It is understood that the continuation of such additional compensation payments shall be determined by the company. (Emphasis supplied.)
ARMSTRONG CORK COMPANY
Form 9886 11-54
Employees of appellant worked under a union contract in which there was no provision for this supplemental pay, and the suit was on the specifically alleged contract with appellee, who claimed $55.87 per week for 150 weeks, coinciding with the payments under the workmen’s compensation law.
The bill of complaint herein was filed February 6, 1963, and in answer thereto appellant pled that this was a suit on an oral agreement barred by the three-year statute of limitations which had expired prior to the filing of the suit.
The two responses made to this plea were that the written memorandum hereinbefore quoted removed the case from the three-year statute and made the six-year statute applicable; and that appellant was estopped to plead such limitation. We cannot agree with appellee as to the written memorandum because it is insufficient under the law to take the case out of the three-year statute.
*865 In Blount v. Miller, 172 Miss. 492, 496, 160 So. 598, 599 (1935), it was held that “to take a case out of this (three-year) statute there must be a writing evidencing an acknowledgment of indebtedness, or promising to pay, in such terms as to render any supplementary evidence unnecessary.” Citing Foote v. Farmer, 71 Miss. 148, 14 So. 445, 446 (1893).
In First National Bank of Laurel v. Johnson, 177 Miss. 634, 642, 171 So. 11, 13 (1936), this Court said:
“It has been definitely and firmly settled by all our late decisions that, when a written instrument is relied upon to take a case out of the three-year statute, the language thereof must acknowledge an indebtedness or promise to pay in such terms as to render any supplementary evidence unnecessary. Blount v. Miller, 172 Miss. 492, 496, 160 So. 598. Any material fact which is missing in the writing and which is necessary to be supplied by parol in order to show that it means an acknowledgment of an indebtedness or a promise to pay brings the case within the three-year statute. * * * ”
See also Federal Land Bank of New Orleans, La. v. Collins, 156 Miss. 893, 127 So. 570, 69 A.L.R. 1068 (1930); Foote v. Farmer, supra; 53 C.J.S. Limitations of Actions § 68, at 1030.
A reading of the printed memorandum shows the first paragraph means that workmen’s compensation payments had been arranged by agreement. The second paragraph refers to the supplemental payments, and specifically states that continuance thereof “shall be determined by the company.”
Without any reference to the oral agreement, this memorandum would evidence a gratuity. The employee had already been injured and compensation payments were arranged and supplemental payments made to him under the specific statement in this memorandum that the “continuance thereof shall be determined by the company.” Without the oral agreement there would be no consideration for the payments.
Those cases from other courts which have held similar agreements valid when the offer thereof is accepted by an employee, say such offers are inducements to the employee to continue in the employment of the company and to render efficient services; that this would relieve the employer of the annoyance of hiring and training other men to take the places of those who may voluntarily quit; and possibly would insure a full working force in times when jobs were plentiful and employees were scarce. In other words, such an agreement is said to be beneficial to the company as well as to employees. See Chinn v. China Nat. Av. Corp., 138 Cal.App.2d 98, 291 P.2d 91 (1955); Anthony v. Jersey Central P. & L. Co., 51 N.J.Super. 139, 143 A.2d 762 (1958); Roberts v. Mays Mills, Inc., 184 N.C. 406, 114 S.E. 530, 28 A.L.R. 338 (1922); Mabley & Carew Co. v. Borden, 129 Ohio St. 375, 195 N.E. 697 (1935).
No similar case has been decided by this Court, but if we should accept the reasoning of these cases, in order for the memorandum to be effective as a contract, it would be necessary to show by oral proof that the offer was made by appellant and accepted by appellee prior to the injury, and that he continued in appellant’s employment to show a consideration for the agreement, make it a contract, and take it out of the gratuity class. Since the proof' of other matters would be necessary to make the written memorandum an agreement, the same is not effective to extend the three-year statute of limitations.
Basing his argument upon Izard v. Mikell, 173 Miss. 770, 163 So. 498 (1953), appellee asserts that appellant was estopped from relying upon the three-year statute of limitation. He contends that in a conversation between appellee and the assistant plant manager of appellant, the manager prevailed upon him to wait upon the outcome of the workmen’s compensation claim. Appel- *866 lee testified that in 1958 he had a conversation with the assistant plant manager in which the manager told him that after the workmen’s compensation dispute and litigation was settled appellant would pay the supplemental payments.
In his evidence appellee does not testify or claim that the manager prevailed upon him to delay filing suit. (This conversation occurred in 1958 but the suit was not filed until 1963). Also, there is no evidence that he agreed not to plead the statute or any other defense. We hold the appellant did not meet the burden of establishing his claim of estoppel.
The Izard case is one that is easily distinguishable. The lower court should have sustained the plea of the three-year statute of limitation. Consequently this case is reversed and judgment rendered here for appellant.
Reversed and judgment rendered here for appellant.
GILLESPIE, P. J., and RODGERS, SMITH and ROBERTSON, JJ., concur.