243 So.2d 62 (1970)
E.B. KAISER COMPANY
v.
H.M. LUDLOW, d/b/a H.M. Ludlow Company.
No. 45930.
Supreme Court of Mississippi.
December 21, 1970.
Rehearing Denied February 1, 1971.
Henley, Lotterhos & McDavid, Charles B. Henley, Jackson, for appellant.
Cox & Dunn, Jackson, for appellee.
*63 GILLESPIE, Presiding Justice:
This suit was filed in the Chancery Court of the First Judicial District of Hinds County by H.M. Ludlow, doing business as H.M. Ludlow Company (hereinafter referred to as Ludlow), against E.B. Kaiser Company, an Illinois corporation (hereinafter referred to as Kaiser), to recover commissions claimed to be due under a sales representative agreement and for discovery of certain information regarding sales made by Kaiser in Mississippi. After a full hearing on the merits, the trial court entered a decree in Ludlow's favor for $16,190.48, plus interest.
The principal questions are: (1) Whether Kaiser was subject to suit in this state under the Mississippi long-arm statute; and (2) Whether the action was barred by the three year statute of limitations, as contended by Kaiser, or whether the six year statute of limitations applies, as contended by Ludlow.
The chancellor was justified in finding the facts as next stated. Kaiser manufactures *64 and sells a patented insulated pipe used in carrying steam or other substances. Kaiser was not qualified to do business in the State of Mississippi but entered into a sales representative agreement with Ludlow in 1958 and renewed it annually until this suit was filed. Ludlow, a resident of Mississippi, was Kaiser's sales representative for the entire state of Mississippi. Ludlow had various duties other than selling in connection with the sale and installation of the piping systems manufactured by Kaiser and sold in Mississippi. These duties included submitting inquiries, bills of materials, and data to Kaiser for estimating and pricing, following such business policies as Kaiser adopted from time to time, securing credit information, and collecting accounts. Pursuant to the contract Ludlow also supervised and inspected installations of Kaiser's products in the State of Mississippi and corrected the cause of complaints of unsatisfactory operation without expense to Kaiser. The agreement provided for a sliding scale of commissions, based upon the cost of Kaiser's materials  ten percent to five percent for jobs or orders up to $250,000. The schedule of commissions provided that "Special commission allowances and/or arrangements will be established by the Principal (Kaiser) for jobs greater that $250,001." While the contract with Ludlow was in force, Kaiser sold seven orders or jobs in the State of Mississippi to contractors engaged in the construction of the National Space Administration test facility in Hancock County, Mississippi, totaling in excess of $600,000. The commissions on three of these orders are involved in this suit. One of the jobs was in the amount of $295,528 and was thus not covered by the schedule of commissions. The chancellor found that a reasonable commission on that order or job was four percent. The commission on that order, and the commissions on two smaller orders are those involved in this suit.
Kaiser pleaded the three year statute of limitations which applies to suits on open accounts. It is contended that the commission on the larger order, which exceeded $250,001, could only be established by oral testimony on a quantum meruit basis, and, therefore, the suit is not one on a contract. Ludlow contends that the obligation or promise to pay is contained in the written contract under which Ludlow performed his services and that the six year statute of limitation governing suits on contracts applies, notwithstanding the fact that the amount of recovery was established by parol testimony. Ludlow argues that the suit was based on the contract and not on an open account; that it was the duty of Kaiser to establish the commission on the order that exceeded $250,001, and Kaiser not having done so until after suit was filed, and then not having established a reasonable commission, it was the duty of the court to establish a reasonable commission, which it did.
The three year statute of limitations is Mississippi Code 1942 Annotated, Section 729 (1956), which is as follows:
Actions on an open account or stated account not acknowledged in writing, signed by the debtor, and on any unwritten contract, express or implied, shall be commenced within three years next after the cause of such action accrued, and not after.
The six year statute of limitations is Mississippi Code 1942 Annotated, Section 722 (1956), which is as follows:
All actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action accrued, and not after.
Kaiser relies upon the following decisions of this Court which hold that to take a case out of the three year statute of limitations there must be a writing, evidencing an acknowledgment of indebtedness, or promising to pay, in such terms as to render any supplementary evidence unnecessary. Armstrong Cork Co. v. Boone, 184 *65 So.2d 863 (Miss. 1966); First National Bank of Laurel v. Johnson, 177 Miss. 634, 170 So. 11 (1936); Blount v. Miller, 172 Miss. 492, 160 So. 598 (1935); Hawkins v. Ellis, 168 Miss. 428, 151 So. 569 (1934); Federal Land Bank of New Orleans, La. v. Collins, 156 Miss. 893, 127 So. 570 (1930); and Foote v. Farmer, 71 Miss. 148, 14 So. 445 (1893). A study of these cases reveals that each involved a writing which was incomplete as an obligation or promise to pay. None involved a situation where the obligation or promise to pay was in writing but the amount due was established by parol.
Ludlow correctly argues that the services were performed by him under the terms of the written contract which expressly obligated Kaiser to pay commissions as provided by the schedule for all orders not exceeding the stated amount, and obligated Kaiser to establish a commission on the order exceeding $250,001. The general rule is that where a contract reserves to the promisor the right to determine the compensation for services, and the services have been performed by the promisee, the promisee may recover the reasonable value of the services thus rendered. 17 Am.Jur.2d, Contracts § 83 (1964).
Ludlow rendered the services under the terms of the contract which obligated Kaiser to pay. Ludlow was entitled to a reasonable commission on the largest order, and parol testimony was necessary to establish the amount of the commission on this order. Ludlow relies upon W.T. Raleigh Co. v. Fortenberry, 138 Miss. 410, 103 So. 227 (1925) and Illinois Central Ry. Co. v. Jackson Oil & Ref. Co., 111 Miss. 320, 71 So. 568 (1916). In our opinion these cases are in harmony with those relied upon by Kaiser. In the W.T. Raleigh case, the defendants signed a written guaranty with the plaintiff guaranteeing payment for any goods Fortenberry purchased from Raleigh and for which Fortenberry failed to pay. Parol evidence was necessary to show the amount to be recovered under the guaranty agreement. This Court rejected the contention that the three year statute of limitations applicable to open accounts applied, saying:
The promise to pay, which was the basis of that suit was in writing and therefore provable by writing, but the amount to be paid was not in writing but rested in parol. (138 Miss. at 420, 421, 103 So. at 229).
* * * * * *
We hold that the suit here is on the guaranty bond; that said bond is the basis and foundation of the recovery sought; that the bond, in explicit and unmistakable terms, obligated appellees to pay the indebtedness sued for. (138 Miss. at 422, 103 So. at 230).
The Court referred to Foote v. Farmer, supra, and the statement in that case that in order to take a case out of the three year statute it was necessary that the writing, promising to pay the indebtedness, should be in such terms as to render any supplementary evidence unnecessary. The Court in W.T. Raleigh, supra, then stated: "The court in the use of that language, however, had no reference to the amount of the indebtedness involved in that case." In our opinion the W.T. Raleigh opinion is conclusive on the limitations question in the case now before the Court. In short, we hold that where the obligation or promise to pay is in writing, the six-year statute applies although it is necessary to establish the amount due by parol testimony.
The next question is whether Kaiser, an Illinois Corporation, not qualified to do business in Mississippi, is amenable to the process and jurisdiction of a Mississippi court in a suit on the contract between itself and Ludlow. At the outset of these proceedings Kaiser appeared specially and filed a motion for dismissal of the suit on the ground that it was not subject to the processes of the court. The court overruled this motion after a full hearing. Kaiser then answered the bill of complaint *66 and fully participated in defending the suit, including availing itself of discovery proceedings.
Ludlow contends that the general appearance of Kaiser, after the motion objecting to the jurisdiction of the court had been overruled, constituted a waiver of its objections to being sued in this state and that Kaiser, having used the processes of the court with the attendant chances of prevailing, should be estopped from making further attack on the court's jurisdiction. Mladinich v. Kohn, 250 Miss. 138, 164 So.2d 785 (1964), is contrary to Ludlow's contention in this regard. This was made clear by the following language:
We hold that a defendant, individual or corporate, may appear specially for the sole purpose of objecting to the jurisdiction of the court over his person, on the ground that he is not amenable to process issued by the courts of this state. He may make such special appearance by a motion to dismiss, or any other plea, pleadings or motion specially raising that issue, before any general appearance. Any motion to the jurisdiction should be heard and determined before any other plea or pleading may be filed by the defendant. If the objection to jurisdiction is overruled, the objecting party may thereafter appear generally for any purpose. Any such special appearance or such general appearance shall not be deemed a waiver of the objection to jurisdiction, when the objecting party is not amenable to process issued by the courts of this state. * * * (250 Miss. at 156, 157, 164 So.2d at 794)
The "long arm" statute in its present form was in force at the time of the last renewal of the contract between Kaiser and Ludlow and before completion of the orders or jobs for which commissions were claimed by Ludlow. This statute is Mississippi Code of 1942 Annotated section 1437 (1956) which is in part as follows:
§ 1437. Venue  actions for damages against non-residents  process.
(a) Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this State as to doing business herein, who shall make a contract with a resident of this State to be performed in whole or in part by any party, in this State, * * * or who shall do any business or perform any character of work or service in this State shall, by such act or acts, be deemed to be doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such non-resident of the Secretary of State of the State of Mississippi, * * * upon whom all lawful process may be served in any actions or proceedings * * * arising from or growing out of such contract * * *.
We are of the opinion that the chancellor was justified in finding that Kaiser was amenable to the process and jurisdiction of the courts of this state. The contract with Ludlow was fully performed by Ludlow in this state. He performed the various duties stated hereinabove, and his duties were not limited to securing orders. They included furnishing various data to Kaiser, securing credit information, and supervising the installation of the pipe. Kaiser did business in the state in the amount of $613,190, consisting of seven different orders or jobs with six different firms engaged in the construction of the test facility for NASA. Because of the unusual processes of installation of the insulated piping involved in these orders, officials and other representatives of Kaiser made numerous trips to the the test facility site to assist in the installations.
Kaiser's business activities in Mississippi were rather extensive. It cannot be said that the quality and nature of these activities were inconsequential. In our opinion the chancellor was fully justified in finding that Kaiser was doing business *67 in the state within the meaning of the statutes making nonresidents amenable to suit in this state. In applying the so-called long-arm statute the courts should be sensitive to any conflict between letter of the law and traditional notions of fair play and substantial justice, and if the latter is offended, the former may have to yield. This, however, is not a case of such minimal contacts as to raise any serious question of any such conflict.
The other assignments of error do not require discussion. In our opinion the decree should be and is affirmed.
Affirmed.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.