**Alonza CARTER, Plaintiff-Appellant,**

v.

**John L. BARRY, Commissioner, and The Suffolk County Police Department, Defendants-Appellees.**

**No. 918, Docket 72-1272.**

United States Court of Appeals, Second Circuit.

Submitted June 27, 1972.

Decided Oct. 10, 1972.

Jeffry A. Mintz, New York City (Jack Greenberg and William L. Robinson, New York City, and Stephen Lupow and Fred Grafstein, Commack, N. Y., of counsel), for plaintiff-appellant.

George W. Percy, Jr., Suffolk County Atty., Riverhead, N. Y. (Melvyn Tanenbaum, Huntington, N. Y., of counsel), for defendants-appellees.

Before MOORE, SMITH and TIMBERS, Circuit Judges.

PER CURIAM:

This procedural muddle can only be resolved by vacating the order dismissing the complaint herein and directing the District Court to hold a hearing to determine the facts relevant to the issues now framed by the pleadings.

On October 29, 1971, a complaint was filed and a summons issued. Therein plaintiff alleged in some factual detail that he was the victim of racial discrimination in his efforts to enroll as a police cadet and receive training. He also sought compensatory and punitive damages.

On the same day plaintiff obtained an order to show cause upon the complaint and two affidavits as to why plaintiff should not be reinstated and appointed as a police officer as well as obtaining damages. The hearing was scheduled for November 12, 1971.

On November 12, 1971, defendants moved by a "Cross Notice of Motion" returnable that day for an order dismissing the complaint on the grounds

(1) that it fails to state a claim; (2) that the action is barred by the statute of limitations; and (3) that the Court lacks jurisdiction over the defendants. A somewhat lengthy factual affidavit accompanied the motion.

No hearing was held on the order to show cause. The District Court, relying almost entirely on the facts set forth in the defendant Police Commissioner's affidavit, granted defendants' cross motion and dismissed the complaint.

On February 4, 1972, a notice of appeal was filed.

On March 3, 1972, defendants filed their answer which contained denials and four defenses.

The motion to dismiss cannot be treated as one for summary judgment because there are sharp issues of fact. Furthermore, a decision on the merits would call for a resolution of such facts as may become relevant to a resolution of the issues now tendered as a result of defendants' answer. This pleading now revealed to us in Appellant's Appendix was filed by defendants on March 3, 1972, and hence was not before the District Court when it granted their motion to dismiss the complaint.

In John Walker & Sons, Limited v. Tampa Cigar Co., Inc., 197 F.2d 72, 73 (5th Cir. 1952), this court said:

It is also elementary that a complaint is not subject to dismissal unless it appears to a certainty that the plaintiff cannot possibly be entitled to relief under any set of facts which could be proved in support of its allegations. Even then, a court ordinarily should not dismiss the complaint except after affording every opportunity to the plaintiff to state a claim upon which relief might be granted.

Whether the parties will be able to support their allegations cannot be predicted at this time but they should have an opportunity to attempt to do so.

Order appealed from vacated and case remanded for hearing.