380 So.2d 1068 (1980)
Agustin GARCIA, M.D., and Abbey Hospital, Appellants,
v.
Adelina TARRIO and Rigoberto Tarrio, Appellees.
Nos. 79-364, 79-429.
District Court of Appeal of Florida, Third District.
February 12, 1980.
Rehearing Denied March 24, 1980.
*1069 Goodwin, Ryskamp, Welcher & Carrier, and Arthur M. Simon, Blackwell, Walker, Gray, Powers, Flick & Hoehl and Todd A. Cowart, Miami, for appellants.
Greene & Cooper and Robyn Greene, Stanley M. Rosenblatt, Miami, for appellees.
Before PEARSON, HUBBART and NESBITT, JJ.
PER CURIAM.
These consolidated appeals are from a final judgment entered upon a jury verdict in a medical malpractice case and from the cost judgment thereafter entered. The appeal of defendant Abbey Hospital is from both judgments; the appeal of defendant Dr. Garcia is from the cost judgment.
The appellant Hospital urges reversal of the final judgment upon its contention that it was entitled to a directed verdict because the evidence did not establish that appellant Dr. Garcia was the Hospital's agent and that the negligence proved was that of Dr. Garcia alone. We find sufficient evidence in the record to support a finding by the jury that Dr. Garcia was in fact the agent of the Hospital. It is not necessary to recite all of the evidence on the issue in order to show the basis of our decision. The record does show that Dr. Garcia was not retained by the patient or the patient's surgeon. Rather, Dr. Garcia had an agreement with the Hospital guaranteeing him at least 50% of the work at the Hospital; he did not work anywhere else. The Hospital supplied him with the equipment necessary for his work. The administrator of the Hospital, during his seven years tenure, did not recall any patient using an outside anesthesiologist. We hold that these facts were, at the least, sufficient to present a jury question upon the issue of whether Dr. Garcia was the agent of the Hospital or an independent contractor. See Kober v. Stewart, 148 Mont. 117, 417 P.2d 476, 479 (1966), and Knox v. Ingalls Shipbuilding Corporation, 158 F.2d 973, 975-976 (5th Cir.1947). See also the proposition of law in 69 A.L.R.2d 305, 316 (1960); Mehlman v. Powell, 281 Md. 269, 378 A.2d 1121 (1977), and Mduba v. Benedictine Hospital, 52 A.D.2d 450, 384 N.Y.S.2d 527 (1976).
The issues relative to the taxation of costs are not adequately preserved for appeal. The entire record upon the taxation of costs consists of: (1) the Plaintiff's Motion to Tax Costs, which carefully itemized the costs claimed; and (2) the corrected Order Taxing Costs. The defendants did not file a written objection to any item of costs claimed by the plaintiffs, nor did they show in writing the grounds for their objection to the allowance of any item of costs. The hearing on the taxation of costs was not reported, and no attempt was made to reconstruct a record of the hearing. Under these circumstances, this court is asked to review, from the beginning, the propriety of various items of cost allowed. This we are unable to do because we do not know the objections made in the trial court, nor do we know the grounds for the objections advanced. See Pittman v. Pittman, 219 So.2d 730 (Fla. 2d DCA 1969), and Worcester Mutual Fire Insurance Company v. Eisenberg, 147 So.2d 575 (Fla. 3d DCA 1962).
Affirmed.