501 So.2d 409 (1987)
Bobby SLOAN
v.
TAYLOR MACHINERY Company, a Tennessee Corporation.
No. 56131.
Supreme Court of Mississippi.
January 14, 1987.
Gene Barton, Tupelo, for appellant.
Thomas A. Wicker, Holland, Ray & Upchurch, Tupelo, for appellee.
Before ROY NOBLE LEE, P.J., and PRATHER and ANDERSON, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Bobby Sloan has appealed from a judgment entered in the Circuit Court of Lee County, Mississippi, in favor of Taylor Machinery *410 Company, on a motion for summary judgment. The sole question presented is whether or not the lower court erred in granting the summary judgment on the ground that the one-year statute of limitations, Mississippi Code Annotated § 15-1-29 (1972), as amended, bars a suit by an employee for breach of an employment contract.
Appellant was employed by the defendant in March, 1978, at its plant in Lee County, Mississippi. An affidavit in opposition to the motion for summary judgment executed by appellant states that on or about July 31, 1978, he was given an employee handbook at a company dinner. The complaint charges that appellant and appellee had a written agreement concerning employee/employer relations and that the employee handbook was the basis of the written agreement. Appellant charges in the complaint that he was terminated from his job in June, 1982, without any cause, in direct violation of the employee/employer contract.
The affidavit of appellant pertaining to the hiring and firing of appellant follows:
I was employed by Taylor Machinery Company in Tupelo, Mississippi. During the course of my regular employment, I was provided with an employee handbook by my employer, who is the Defendant in this lawsuit. A true copy of the employee handbook which I was provided is attached as Exhibit "A" to this my affidavit. I was given this handbook at company dinner and I continued to work with the Defendant after I received my employee handbook. I was given this handbook on or about July 31, 1978.
I was fired from my job at Taylor Machinery Company without cause and without any justification. I was properly doing my job with the Defendant at the time that I was fired and I was doing a good job.
My employer, who is the Defendant, fired me without a hearing and without first determining what the true facts were. My employer terminated me without any opportunity to discuss or review the termination before the termination became final. I was further terminated in a menner [sic] which lacked fairness, respect, or reason.
The affidavit does not state that a written agreement was made at the time of appellant's employment in March, 1978, and there is nothing to show a genuine issue of material fact as to whether or not a written contract was actually entered into at the time of the employment. We are of the opinion that the presentation of an employee handbook to appellant in July, 1978, after his employment in March, 1978, did not make the employment agreement a written contract.
Appellee relies upon Mississippi Code Annotated § 15-1-29 (1972), as amended, which bars an action of employment on an oral employment contract, if not commenced within one (1) year next after the action accrued. That section follows:
Except as otherwise provided in the Uniform Commercial Code, actions on an open account or account stated not acknowledged in writing, signed by the debtor, and on any unwritten contract, express or implied, shall be commenced within three (3) years next after the cause of such action accrued, and not after, except that an action based on an unwritten contract of employment shall be commenced within one (1) year next after the cause of such action accrued, and not after.
Appellant asserts that the employee handbook is the written contract. He is not named in the instrument as a party thereto.
"[W]here a person is not named in the written contract and parol evidence is necessary to show the existence of the contractual relationship, the contract is unwritten insofar as that person is concerned and the limitations statute relating to written contracts is not applicable.
Baird & Warner, Inc. v. Addison Industrial Park, Inc., 70 Ill. App.3d 59, 26 Ill. Dec. 1, 14, 387 N.E.2d 831, 844 (1979). See Munsterman v. Illinois Agricultural Auditing Ass'n, 106 Ill. App.3d 237, 62 Ill.Dec. *411 125, 127, 435 N.E.2d 923, 925 (1982); 3 A.L.R.2d 809, 818, § 6 (1949) (Supp. 1985).
"Any material fact which is missing in the writing and which is necessary to be supplied by parol in order to show that it means an acknowledgment of an indebtedness or a promise to pay brings the case within the three-year statute... ."
Armstrong Cork Co. v. Boone, 184 So.2d 863, 865 (Miss. 1966) [quoting First National Bank of Laurel v. Johnson, 177 Miss. 634, 642, 171 So. 11, 13 (1936)]. Where oral proof of other matters is necessary to make the written instrument an agreement, the shorter statute of limitations must apply. Id., at 865.
The most recent case cites other Mississippi cases, including Armstrong, coming under the shorter statute of limitations, every one of which involved a writing which was incomplete as an obligation or promise to pay. This Court distinguished those cases and held that the amount due may be established by parol testimony. E.B. Kaiser Co. v. Ludlow, 243 So.2d 62, 64-65 (Miss. 1970) [following W.T. Raleigh Co. v. Fortenberry, 138 Miss. 410, 103 So. 227 (1925)]. This holding is in accordance with an exception to the general rule that where a written agreement is so indefinite that parol evidence must complete the contract, it is treated as an oral contract for statute of limitations purposes. The general rule does not apply if the written agreement furnishes some objective standard by which its terms may be made definite and the contract complete, as in Raleigh, supra. 3 A.L.R.2d 809, 816-817, § 5 (1949); 51 Am.Jur.2d Limitation of Actions, § 94 (1970). If parol evidence merely establishes the exact amount of money to be paid or physical specifications of work to be performed, the contract is written, but it is unwritten where the parol evidence establishes the basic existence of an obligation to pay or perform. Matherly v. Hanson, 359 N.W.2d 450, 456 (Iowa 1984). See 51 Am.Jur.2d Limitation of Actions, § 94 (1970).
We are of the opinion that the learned trial judge was eminently correct in granting the summary judgment and in finding that the claim in this case was based (1) upon an alleged, implied or expressed unwritten contract of employment, (2) that the employment manual constituted written evidence to support the alleged oral contract, and (3) that the cause was filed more than one (1) year after termination of employment by the appellee of the appellant, and is barred by the one-year statute of limitations.
Therefore, the judgment of the lower court is affirmed.
AFFIRMED.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, ROBERTSON, PRATHER, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.