597 So.2d 364 (1992)
Jonathan COLON, etc., et al., Appellants,
v.
OPERATION SOUTH, INC., etc., et al., Appellees.
No. 91-1090.
District Court of Appeal of Florida, Third District.
April 14, 1992.
*365 Perse & Ginsberg and Edward Perse, Lawrence B. Rodgers, Miami, for appellants.
Mark A. Kamilar and Richard L. Allen, Miami, for appellees.
Before BARKDULL, NESBITT and LEVY, JJ.
PER CURIAM.
Minor Jonathan Colon and his parents appeal an order granting final summary judgment in favor of appellee La Morra Marina, Inc., (La Morra). Because the record below, properly viewed, reflects the existence of genuine issues of material fact regarding whether or not the minor's injury was the result of negligence on the part of an agent, servant, or employee of La Morra, we reverse the order under review.
On May 15, 1987, the Colon family, traveling by boat, visited Operation South, Inc., d/b/a Sunday's on the Bay (Sunday's), a restaurant located at Haulover Park in Dade County, Florida. The Colons' boat entered a small anchorage and pulled up to the side of a barge attached to Sunday's by a floating walkway. The boat was secured to the barge by a rope next to a spud/gusset arrangement. According to appellants, Jonathan, while standing in the boat, grabbed the gusset encircling one of the exposed spuds in an attempt to steady himself. At that time the barge shifted slightly crushing the boy's left hand. Jonathan and his parents filed a complaint alleging negligence against both Sunday's and La Morra.
The restaurant facility is owned by Dade County, leased to La Morra, and managed by Sunday's. The barge is owned by Bayou Marine Leasing, Inc., leased to Logistics International Services, Inc., and subleased to Sunday's.
La Morra moved for summary judgment, claiming it exerted no control over the barge itself or over Sunday's. To support this position La Morra attached to its motion the affidavit of its president. The affiant stated that La Morra did not own, lease, maintain, operate, control, design, or install the barge and further stated:
8. On or about May 15, 1987, LA MORRA MARINA, INC. did not have control over the manner in which Operation South, Inc. operated, maintained and controlled the Sundays' on the Bay restaurant operations and more specifically, how Operation South, Inc. located, affixed, operated or maintained the barge which is the subject of this lawsuit.
Vicarious liability of employers for the tortious acts of their agents, servants, and employees is a well settled principle of Florida law. The agent's authority may be conferred in writing, orally, or it may be inferred from a given set of facts. See Arango v. Reyka, 507 So.2d 1211 (Fla. 4th DCA 1987), see also Pinillos v. Cedars of Lebanon Hosp., 403 So.2d 365 (Fla. 1981); Garcia v. Tarrio, 380 So.2d 1068 (Fla. 3d DCA 1980). In the present case, the question of the existence of an "agency" is one of fact for the trier of fact. Irving v. Doctors Hosp. of Lake Worth, 415 So.2d 55 (Fla. 4th DCA), review denied, 422 So.2d 842 (Fla. 1982); Garcia, 380 So.2d at 1068. A movant for summary judgment has the burden of showing conclusively the nonexistence of genuine issues of material fact. Bryant v. Lucky Stores, Inc., 577 So.2d 1347 (Fla. 2d DCA 1990); see Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977).
Because there were unresolved issues of material fact present sub judice, the motion for summary judgment should have been denied. The Colons' complaint, in part, specifically alleged negligence by La Morra's agent. Referring to some of the facts pled by appellants: the barge was the means by which patrons arriving by boat reached the restaurant; the management contract between Sunday's and La Morra *366 contained a specific provision that nothing contained therein would constitute a sublease to Sunday's; the contract demonstrated that while La Morra did not control the management of Sunday's, it did retain the right to "review all prices, menus and standards for quality... ."; and the evidence demonstrated that La Morra retained 95% of the net profits produced by the restaurant. Because of the conflicting evidence as to whether Sunday's was the agent, servant and/or employee of La Morra, final summary judgment in La Morra's favor should not have been entered.
Accordingly, the judgment appealed is reversed and the cause is remanded.