Stephenson, J.
 

 It is contended by the Mabley & Carew Company that there is no proof of the designation of Ida C. Borden as beneficiary under the certificate in question.
 

 The name appears on the back of the certificate and, while it is typewritten, it is certainly a sufficient designation, taken in connection with the fact that Anna Work had it in her possession until her death.
 

 There is just one question in this case, and that is the consideration for the issuance of this certificate. It is true that Anna Work could not maintain an action on this certificate in her lifetime, as no right of action existed in her favor; but that fact did not prevent it from being enforceable, after her death, in the hands of Ida C. Borden.
 

 This certificate was not a pure gratuity on the part of the Mabley & Carew Company, as there was a provision in the certificate to the effect that the payment
 
 *379
 
 would not be made in tbe event of death unless Anna Work was still an employee of tbe company. This was an inducement to Anna Work to continue in tbe employ of the company. That is not tbe only consideration, as it is expressed at tbe outset that the company appreciates tbe duration and faithful character of tbe services of tbe employee theretofore rendered. Tbe employee, by virtue of tbe issuance of tbe certificate, bad a right to expect that tbe person nominated by her would in tbe event of her death receive tbe amount designated by tbe certificate. This was certainly an incentive to remain in tbe service of tbe company.
 

 It is not a tenable proposition that, because Anna Work bad no enforceable right during her life, her beneficiary could take no more than she bad. We think tbe learned Court of Appeals was right in bolding that Anna Work, by continuing in tbe service of tbe company until her death, created a binding obligation upon the company to pay to her designated beneficiary tbe sum mentioned in tbe certificate.
 

 It is stated in tbe certificate: “Tbe issue and delivery of this certificate is understood to be purely voluntary and gratuitous on tbe part of this Company”. That was a part of tbe contract so far as Anna Work was concerned. She bad no right that she could possibly assert, as she bad to die before tbe right would ripen in anyone.
 

 Tbe case of
 
 Zwolanek
 
 v.
 
 Baker Mfg. Co.,
 
 150 Wis., 517, 137 N. W., 769, 44 L. R. A. (N. S.), 1214, Ann. Cas., 1914A, 793, pronounces the law relative to certificates of this character in its true light as we see it. Tbe court there said, at page 521 of tbe opinion:
 

 “While tbe practice initiated by tbe defendant is beneficial to its employees, it is not difficult to see wherein it is also1 beneficial to tbe employer. It tends to induce employees to remain continuously in the
 
 *380
 
 employ of the same master and to render efficient services so as to minimize the possibility of discharge. It also tends to relieve the employer of the annoyance of hiring and breaking in new men to take the place of those who might otherwise voluntarily quit, and to insure a full working force at times when jobs are plentiful and labor is scarce.”
 

 True, Anna Work by reason of this certificate was under no obligation to continue in the service of the Mabley & Carew Company if she did not see fit so to do; neither was the company, by reason of the certificate, obligated to give her continuous or definite employment. But neither of these facts in any wise affected the right of the beneficiary, so far as Anna Work was concerned after this contract was executed.
 

 We find no case exactly on all fours with the one before us; but we do find a number of cases that support the finding made by the Court of Appeals herein. The subject is well digested and thoroughly discussed in an annotation in 28 A. L. R., beginning at page 331.
 

 It is a well known proposition of law that a contract should be given that construction that will uphold it and preserve to the parties thereto their rights if the same can be done without doing* violence to language. We find no trouble in upholding this contract.
 

 The judgment of the Court of Appeals is hereby affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.