**ELLIS, Plaintiff-Appellant, v. VICTOR ELECTRIC PRODUCTS, INC., etc., Defendant-Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 7090. Decided May 31, 1949.

**446**

Scanlon & Scanlon, Cincinnati, for plaintiff-appellant.
Dinsmore, Shohl, Sawyer & Dinsmore, Cincinnati, for defendant-appellee.

## OPINION

By ROSS, PJ.:

The appeal upon questions of law here considered is from a judgment of the Court of Common Pleas of Hamilton County, rendered in favor of the defendant upon motion of defendant for judgment on the pleadings and opening statement of counsel.

That courts should not be unduly precipate in granting such motions is apparent from the cases in which such motions have been considered by courts of review. **Neckel v. Fox, 110 Oh St, 150.** It is stated at page 152 of the opinion:

"This court is not disposed to give too rigid a construction to the terms employed in the statement by counsel for plaintiff."

**Wainscott v. Young, 74 Oh Ap, 463, 465.**

**39 O. Jur., "Trial" Section 226, pages 885, 886.**

Stripped of many matters irrelevant to the questions presented, the problem involves the construction of a contract

which is definitely alleged and stated by plaintiff and denied by the defendant.

Both in his petition and in the opening statement of his counsel, the plaintiff claims the defendant promised and agreed that if the plaintiff would take a reduction in his monthly salary of $200.00 that the defendant would pay plaintiff (1) $650.00 per month, (2) pay plaintiff's moving expenses from Pittsburgh, Pennsylvania, (3) give plaintiff an annual two weeks vacation with pay, (4) and a bonus based on increased production, guaranteed to be substantially more than the difference between his previous salary and that accepted, if production continued as it had for the two previous months.

The plaintiff claims he performed his contract and this is not seriously denied.

The defendant, according to statements of plaintiff, performed part of its contract. It paid plaintiff the $650.00 per month, it paid him the amount of vacation pay, after demand for same, and no claim is made for moving expenses, so it may be presumed these the defendant paid also.

The defendant has refused to pay the plaintiff any extra compensation in any amount, although there is a definite allegation, which, if proved, would entitle plaintiff, without question, to, at least, the difference between $850.00 and the $650.00 temporarily accepted by plaintiff. When the promise to pay a "bonus" becomes a part of a contract of employment it is more than a mere gratuity. **Mabley & Carew Co. v. Borden, 129 Oh St, 375.**

See, also: 28 A. L. R. p. 332.

The holding in the Mabley & Carew Co. case was in the face of a clause in the instrument stating it was "purely voluntary and gratuitous."

A great deal of confusion is created upon both sides of this controversy by the use of terms irrelevant to the issues presented.

However, regardless of what the plaintiff states his conception of the relief merited by the facts alleged, if he is entitled to relief on the facts alleged and stated, such relief must be extended by the courts. **Schaefer v. First National Bank, 134 Oh St, 511.** At page 520 of the opinion it is stated:

"When the plaintiff pleads all the facts the court should give him the relief he is entitled to, whether in equity or by declaratory judgment; even the prayer is not controlling. **Riddle & Parker v. Roll, 24 Oh St, 572; Tiffin Glass Co. v.**

Stoehr, 54 Oh St, 157, 163, 43 N. E., 279; State, ex rel. Masters v. Beamer, 109 Oh St, 133, 151, 141 N. E., 851."

See, also: Triff, Admx., v. Foundry Co., 135 Oh St, 191; Cook v. Crider, et al., 63 Oh Ap, 12.

The facts alleged and stated by plaintiff show the existence of a contract. Statements as to quantum meruit and unjust enrichment, if irrelevant, may be ignored as surplusage. Triff, Admx., v. Foundry Co., 135 Oh St, 191, supra.

The defendant, according to plaintiff's allegations and statements, has agreed to pay a bonus, that is additional compensation to that paid monthly, based on increased production and guaranteed to be **substantially more** than his **previous** salary. In effect the contract was to pay compensation for services rendered in part monthly and the balance at the end of the year.

It is evident that the substantial increase over the accepted decrease in salary will have a direct relation to **increased** production. A mathematical ratio is this presented involving the decrease in salary accepted by plaintiff, increased production, which is charged to be 600% and a substantial payment. What will be the amount of damages for the breach of this contract will be a question for the jury largely controlled by what it determines the reasonable value of the services rendered to be, taking into consideration the increased production accomplished by plaintiff.

The use of the word "bonus" in the contract is misleading, and, as has been pointed out, is not under the circumstances a mere voluntary gratuity.

The fact that the exact amount of compensation is left to future determination between the parties does not destroy the obligation to pay the reasonable value of the services, even if partial payment is made from time to time, when such services are rendered under such an agreement. Certainly, a contract merely to pay a substantial amount for services rendered can be enforced. Such amount would necessarily have a relation to the reasonable value of the services rendered. See: Restatement of law of Contracts, Sections 323, 324; 12 Am. Jur., pages 877, 878.

The judgment should be reversed and the case remanded for further proceedings according to law.

·Judgment reversed and cause remanded.

ROSS, PJ, HILDEBRANT & MATTHEWS, JJ, concur in syllabus, opinion & judgment.