CHOCKLEY, JR., ADMR., APPELLANT, *v.* JENSEN ET AL., APPELLEES.

(No. 24035—Decided March 15, 1957.)

*Mr. Ben Ledsky,* for appellant.
*Mr. Edward Stanton,* for appellees Leo R. Jensen and others.
*Messrs. Laylan & Smith,* for appellee Central National Bank of Cleveland.

*Per Curiam.* This action for a declaratory judgment originated in the Probate Court of Cuyahoga County to determine title to funds held on deposit in a joint bank account without right of survivorship. The account was established in the names of Gilbert H. Sedlack, deceased, as owner, and Leo Jensen, as a fiduciary or trustee, to regulate and control withdrawals from the account. The funds in the bank account are now separately claimed by the administrator of the estate of Gilbert H. Sedlack, deceased, plaintiff and appellant herein, and Leo Jensen, the fiduciary, a defendant and appellee herein.

The evidence shows that Sedlack had been a confirmed chronic alcoholic, who, on August 5, 1954, attempted suicide and was subsequently adjudged mentally ill, and the court found that his being at large was dangerous to the community. It was ordered by Probate Judge Kinder that he be placed in the Cleveland Receiving Hospital for observation or treatment or both. Thereafter, while he was confined in the county jail awaiting commitment, the alcohol in his system was dissipated and he "dried out," and through the aid of his counsel he was restored to civil status. Immediately thereafter, however, he reverted to his former habits of over-indulgence in alcohol, so much so that he squandered on intoxicants the proceeds of an insurance policy in the sum of $1,650. It was because of this history of mental instability due to excessive alcoholism that, when decedent's real property which he had inherited from his father was sold, it was decided, on advice of his counsel, that the net proceeds of $4,755 accruing from the sale should be

deposited in a bank account and that some control should be arranged to prevent the immediate dissipation of these funds in further continued alcoholic indulgence. Defendant Jensen agreed to assume the responsibility of a fiduciary and to exercise restraint and control over the account which was to remain entirely and exclusively the property of Sedlack. To accomplish this purpose, Sedlack's counsel arranged with the bank to have Jensen's name placed on the account, with the understanding that both signatures would be required for withdrawal of funds, but that Jensen, as fiduciary, would retain possession of the bankbook. This arrangement was made on December 2, 1955. On December 29, 1955, the police reported that Sedlack was found dead in his home. At that time $4,000 remained in the joint account.

In a telephone conversation with decedent's counsel, Jensen asked as to "where he stood," since he felt he had some money coming for services rendered to Sedlack, and was told that any claim he had should be presented to the administrator for allowance. Thereafter, Jensen claimed the entire balance in the account by asserting that there had been a gift *inter vivos* from Sedlack to him some nine days before Sedlack died, that is on December 20, 1955.

The trial judge decreed that the claimant, Jensen, was entitled to one-half of the funds in this account, holding that, although Jensen had control without ownership of the account, his possession was that of a trustee of an undivided one-half interest. The court concluded that one-half of the money held in trust was transferred by a gift *inter vivos* to the absolute ownership of the trustee, Jensen, stating that "delivery was complete with a redelivery of the bankbook, evidence of ownership followed by acceptance."

Five errors are assigned, the two most important of which are as follows:

(1) The court erred in finding that there was a valid gift *inter vivos*.

(2) The court erred in finding that there was a delivery of the subject matter of the alleged gift.

Considering the first assigned error, the record shows and the court found that the claimant was a trustee for the decedent,

and that a confidential relationship had been established between the claimant and the decedent. The court erred, however, in failing to apply the principles of law which are implicit when a fiduciary relationship exists. In such a case the trustee is in a superior position, and equity raises a presumption against the validity of a gift by the cestue que trust to his fiduciary, placing upon the fiduciary the burden of overcoming the presumption. In our opinion, the claimant trustee, under the facts and circumstances of this case, has failed to overcome this presumption, and, because of decedent's mental and physical infirmities induced by excessive indulgence in alcohol, it cannot be said, as a matter of law, that he had the capacity to make a gift of his entire estate to his trustee, as claimed, when such gift would impoverish him, or that he could understand the full import of his act. Consequently, the attempted gift was invalid and the first claim of error must be sustained.

Considering the second assigned error, that the court erred in finding that there was a delivery of the subject matter of the gift, again we must say that the fiduciary has failed to overcome the presumption of invalidity which the fiduciary relationship and manner of dealing indicated. There is not sufficient evidence in the record to establish a gift *inter vivos* of the whole or even one-half of the account by the beneficiary to the trustee as found by the trial judge, because the claimant trustee was at all times in possession and control of the bankbook. Under these facts and circumstances, the delivery of the bankbook by the fiduciary to the decedent and the immediate redelivery of the same to the trustee were not a sufficient delivery to support a gift *inter vivos* or a relinquishment of control, dominion and possession thereof by decedent, where, under the circumstances related herein, the signatures of both parties were necessary for the withdrawal of funds. In addition, the fact that Jensen never attempted to exercise any dominion over the account or that he made no claim until the death of decedent refutes his contention that a gift was made. There was not sufficient delivery by the decedent to the trustee to give to the trustee dominion over the account, either in whole or part. Consequently, the attempted gift *inter vivos* was invalid, and the second claim of error must be sustained. In this connection, it is

indeed difficult to understand the conclusion of the trial judge that there was merely a gift of one-half of the account, for, if there in fact had been a valid gift, it would have had to be of the the entire amount. However, upon consideration of the entire record, we find that there was no completed gift because the claimant defendant, in view of the confidential relationship of the parties and the infirmities of the decedent, has failed to establish by the requisite degree of proof the essential elements of a gift *inter vivos*.

In view of the foregoing, the declaratory judgment should have been in favor of the administrator appellant and the claimant relegated to his right to make application as a fiduciary to the Probate Court for compensation.

The judgment is reversed, and this court, proceeding to render the judgment which the trial court should have rendered, renders final judgment for the administrator.

*Judgment reversed.*

SKEEL, P. J., HURD and KOVACHY, JJ., concur.