**Harold S. HOBSON, Plaintiff-Appellee,**

v.

**Cyrus S. EATON, Defendant-Appellant.**

**No. 17480.**

United States Court of Appeals
Sixth Circuit.

Feb. 12, 1968.

Supplemental Opinion Sept. 20, 1968.

Werner J. Kronstein, Washington, D. C., for appellant; Marshman, Hornbeck & Hollington, Cleveland, Ohio, Milton V. Freeman, Arnold & Porter, Washington, D. C., on the brief, William F. Snyder, James J. Schiller, Cleveland, Ohio, of counsel.

Sidney D. L. Jackson, Jr., Cleveland, Ohio, for appellee; Alexander H. Hadden, Gary L. Bryenton, Baker, Hostetler & Patterson, Cleveland, Ohio, on the brief.

George Q. Keeley, Cleveland, Ohio, for amicus curiae The Cleveland Trust Co., Exr., and Frank H. Hobson, Jr., individually and as Exr.; Edward A. Eisele, Jr., Ebert Weidner, Parks & Eisele, Cleveland, Ohio, on the brief.

Before PECK and McCREE, Circuit Judges, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

Harold S. Hobson, plaintiff-appellee, brought this action against Cyrus S. Eaton and the Cleveland Trust Co., in the United States District Court for the Northern District of Ohio, Eastern Division, for a declaratory judgment (Section 2201, Title 28, U.S.C.) that he is the beneficial owner of certain claims against the Estate of Frank H. Hobson. The deceased, Frank H. Hobson, was not related to the plaintiff-appellee, Harold S. Hobson, either by family or through business. The District Court granted judgment to the plaintiff-appellee and the defendant-appellant, Cyrus S. Eaton, appealed. We will refer to the parties as plaintiff and defendant, respectively.

Frank Hobson died in 1936 and prior thereto, from 1930, had been vice-president of the Cleveland Trust Company, hereafter called the bank. The defendant was a director of the bank. During the time in question here, the plaintiff was an employee of the defendant. The claims against the Hobson Estate which are the subject of this action arise out of loans made by the defendant to Mr. Hobson during his lifetime. These loans are in two parts: (1) $10,000 which had been advanced to Mr. Hobson in two personal loans of $5000 each on July 11, 1935 and November 20, 1935, and (2) $17,500 loaned by Industrial Shares, Inc., a holding company, completely owned by the defendant. This $17,500 loan was secured by one note of $12,500, dated December 15, 1930, and two notes of $2500 each, dated February 11, 1931 and April 20, 1931.

In 1936, following the death of Mr. Hobson, the plaintiff and the defendant entered into an assignment as follows:

"ASSIGNMENT

Cleveland, Ohio, July 20, 1936

For the sum of one dollar, and other valuable consideration, the receipt of which is hereby acknowledged, I hereby sell, assign and transfer to H. S. Hobson all my right, title and interest in and to my claim for $10,000.00 against the Estate of F. H. Hobson evidenced by check for $5,000.00 dated July 11th, 1935, and duplicate deposit slip for $5,000.00 dated November 20th, 1935, together with interest on the said amounts from the date of the said check and deposit slip.

C. S. Eaton, sgd

Cleveland, Ohio, July 20, 1936.

I herewith acknowledge receipt of the above claims which have been assigned to me for the purpose of collec-

tion, and I agree to pay to C. S. Eaton any proceeds thereof.

H. S. Hobson"

This transaction occurred in the wake of the great depression of 1929 and 1930. The finances of the defendant, to put it mildly, were highly involved and the Estate of Mr. Hobson was greatly in debt. It was apparently understood between the parties at the time the assignment was made that it was only for the purpose of collection. The plaintiff was to file a claim with the Cleveland Trust Company, as executor of Hobson's estate.

The plaintiff claims that a day or two after the execution of the assignment, the defendant called him into his office and said he had changed his mind about having the claim for collection filed in Hobson's name. He could not afford to have his pending settlement with the banks jeopardized by appearing directly or indirectly as a claimant against the Hobson estate. The plaintiff claims that the defendant said on this occasion:

"You take these two claims as a salary bonus. The amount is very small at best and subject to litigation. There may not be anything left, but whatever comes out of this belongs to you."

The defendant denies this conversation.

On July 21, 1936, the plaintiff filed his claims with the bank as executor of the Hobson estate. The claims were allowed by the executor on September 17, 1936. The executor made a partial distribution of the estate on February 11, 1938. A check was issued to the plaintiff in the amount of $6179.58. The plaintiff disbursed this amount by paying to defendant's personal account with Otis and Company $1961.91 and by paying the balance to the defendant.

In 1937 the Ohio Court of Appeals awarded Julia Hobson, a former wife of the deceased Frank Hobson, the income, for life or until remarriage, from 250 shares of bank stock held by his estate. This delayed further activity in Frank Hobson's estate until her death in December, 1960.

On November 17, 1961, on requisition of Frank H. Hobson, Jr., the beneficiary of the estate of F. H. Hobson, deceased, plaintiff's claim was rejected. Thereafter the plaintiff brought an action in the District Court against the bank as Executor of the Estate of Frank H. Hobson, Frank H. Hobson, Jr., and Frank H. Hobson, Jr., as Executor of the Estate of Myra S. Hobson, for recovery on his claims. This action was settled by agreement of the parties in October, 1962. By this settlement, Mr. Hobson was to receive approximately $45,000, including principal and interest. The defendant, Mr. Eaton, was not a party to this action and when he learned of it he brought an action in the Court of Common Pleas of Cuyahoga County to enjoin the bank and Frank Hobson, Jr., from making any further payments to the plaintiff pursuant to the settlement agreement. A preliminary injunction, which is still in force, was issued pending trial. The plaintiff was not a party to this action and he, being a non-resident of Ohio, brought the action now before us in the District Court.

The defendants in this action were Mr. Eaton and The Cleveland Trust Co. Mr. Eaton filed an answer in which he denied plaintiff's claim. He filed a counterclaim in which he sought to have the settlement agreement declared null and void, to require repayment to the Frank Hobson estate of $8999.96 which had been paid to the plaintiff under the settlement agreement and to have himself declared as the beneficial owner of the claims against the Hobson estate. He also sought an order to have Frank H. Hobson, Jr. and Frank H. Hobson, Jr., Executor of the Estate of Myra S. Hobson, made parties defendant to respond to his counterclaim. Frank H. Hobson, Jr., individually and as executor of the estate of Myra S. Hobson, were made parties defendant. They filed an answer and counterclaim.

The parties entered into a stipulation that the issues raised by the plaintiff's

complaint and any defenses interposed thereto be first tried. It was further stipulated that if the issues were determined in favor of the plaintiff this would be a full and complete determination of all the issues raised by any counterclaims of the parties and any defenses interposed thereto. If the issues raised by the plaintiff were decided in favor of Mr. Eaton, the Court would then try the issues raised by the counterclaims.

The district judge found that the plaintiff was the sole beneficial owner of the claims, that the defendant Eaton had no interest in the claims, that the plaintiff was entitled to the proceeds of the settlement agreement and that the counterclaims of the defendants should be dismissed. In finding for the plaintiff, the trial judge concluded that the plaintiff had established his case by a preponderance of the evidence.

One of the assignments of error is that the trial judge erred in applying the preponderance of evidence rule of proof to the testimony adduced at the trial. It is claimed on behalf of the defendant that the plaintiff should have been required to prove his case by clear and convincing evidence.

▆▆▆ Under the law of Ohio there is a presumption that the beneficiary of a trust does not make a gift of trust assets to his fiduciary, that is, his agent or trustee. Chockley v. Jensen, 104 Ohio App. 399, 140 N.E.2d 909. The trial judge specifically found that the plaintiff was originally designated as agent for collection only. This clearly created an agency relationship between plaintiff and defendant for the specific purpose of collecting these claims. The relation of principal and agent is generally regarded by the courts of Ohio and elsewhere as a fiduciary one whereby the principal places trust and confidence in the agent to faithfully perform the terms of the agency. Connelly v. Balkwill, 160 Ohio St. 430, 116 N.E.2d 701; Manhattan Life Ins. Co. v. Smith, 44 Ohio St. 156, 5 N.E. 417. Thus, there arises a presumption that the defendant did not make a gift to the plaintiff of the claims which were the subject of the agency.[1]

▆▆▆ The defendant argues that in order for the plaintiff to overcome this presumption he must establish by clear and convincing evidence [2] that subsequent to the assignment the defendant made a gift to him of the claims in question. While ordinarily a presumption may be rebutted or overcome by evidence of equal weight,[3] in Ohio a gift inter vivos must be proven by clear and convincing evidence. Flanders v. Blandy, 45 Ohio St. 108, 12 N.E. 321; In re Estate of Fife, 164 Ohio St. 449, 132 N.E.2d 185; Bolles v. Toledo Trust Co., 132 Ohio St. 21, 4 N.E.2d 917.

▆▆▆ An assignment of a chose in action without consideration may be the subject of a gift. Polley v. Hicks, 58 Ohio St. 218, 50 N.E. 809, 41 L.R.A. 858. The plaintiff claims that after the initial assignment the defendant gave him the claims as a salary bonus. There was no consideration for this alleged gift. The defendant neither owed the plaintiff any salary bonus nor was there any provision in the contract of employment for

1. Plaintiff's reliance upon the case of Brown v. Ginn, Trustee, 66 Ohio St. 316, 64 N.E. 123 (1902), is misplaced. That case held that an agent for collection is not a trustee of an express trust and could not bring suit in his own name under a statute which allowed actions to be prosecuted only in the name of the real party in interest except a "trustee of an express trust" who could bring an action in his name as trustee. That case does not stand for the proposition that an agent for collection is not a fiduciary and specifically held that "such a contract is rather one of agency."

2. Clear and convincing evidence is "that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." Cross v. Ledford, 161 Ohio St. 469, 120 N.E.2d 118.

3. In re Guardianship of Breece, 173 Ohio St. 542, 184 N.E.2d 386.

the payment of a bonus. Gifts may be made by an employer to his employees. See, e. g., Renee v. Sanders, 102 Ohio App. 21, 131 N.E.2d 846, affirmed 160 Ohio St. 279, 116 N.E.2d 420. "Bonus normally is a gratuity over and above regular salary." Kenney v. Spicer Furniture Co., 131 N.E.2d 265 (Ohio App.). A bonus, however, may become part of the contract between an employee and an employer and be therefore part of the agreed compensation for service. Ellis v. Victor Elec. Prod., Inc., 85 Ohio App. 170, 88 N.E.2d 275; Mabley & Carew Co. v. Borden, 129 Ohio St. 375, 195 N.E. 697. But in the absence of any contract or agreement, a bonus paid by an employer without any return promise made by the employee is in the nature of a gift or gratuity for purposes of determining ownership of the purported gift.

 We conclude that if the facts are as plaintiff alleges, any relinquishment of the defendant's ownership in his beneficial interest in the claims against the estate of Frank Hobson in favor of the plaintiff would constitute a gift inter vivos. Therefore, the burden was on the plaintiff, Harold S. Hobson, to prove by clear and convincing evidence that he was the recipient of a gift, from the defendant, Cyrus S. Eaton, of the beneficial interest in the claims involved herein. The trial judge was in error in holding that the plaintiff satisfied this burden of proof in establishing his case by a mere preponderance of the evidence.

We remand the case to the District Court with instructions to the trial judge to reconsider the evidence in the light of the applicable rule of clear and convincing evidence and report his conclusion to this Court. We retain jurisdiction of the appeal.

### Supplemental Opinion

In our opinion of February 12, 1968, we held that the burden was on plaintiff, Harold H. Hobson, to prove by clear and convincing evidence that the defendant, Cyrus S. Eaton, had relinquished his beneficial interest in claims against the estate of Frank Hobson, and that he had made a gift of such claims to him. We concluded that the trial judge was in error in holding that the plaintiff satisfied this burden of proof in establishing his case by a mere preponderance of the evidence.

 Retaining jurisdiction of the appeal, we remanded the case to the District Court with instructions to the trial judge to reconsider the evidence in the light of the applicable rule of clear and convincing evidence and report his conclusion to this Court. In compliance with this remand, the trial judge concluded in a report entitled "Conclusion Upon Remand" filed in this Court and made a part of the record on this appeal, "that the plaintiff, Harold S. Hobson, has proved by clear and convincing evidence that he was the recipient of a gift, from the defendant Cyrus S. Eaton, of the beneficial interest in the claims involved herein."

We have considered the report of the trial judge together with the briefs of the parties with reference thereto and conclude that the supplemental finding of the trial judge is supported by the evidence and is not clearly erroneous.

Judgment of the District Court is affirmed.