Mrs. Winnie GARDNER, Plaintiff,

v.

Oscar F. WILKINSON, Defendant-Appellee, Cross-Appellant,

v.

STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellant, Cross-Appellee.

No. 80–3075.

United States Court of Appeals,
Fifth Circuit.
Unit A

April 27, 1981.

Rehearing Denied May 21, 1981.

Bryan, Nelson, Allen, Schroeder & Cobb, Harry R. Allen, Gail A. Crowell, Gulfport, Miss., for defendant-appellant, cross-appellee.

Larry E. Clark, Taylorsville, Miss., Daniel, Coker, Horton, Bell & Dukes, John B. Clark, Jackson, Miss., for defendant-appellee, cross-appellant.

Before GOLDBERG, AINSWORTH and RUBIN, Circuit Judges.

AINSWORTH, Circuit Judge:

In this Mississippi diversity action, the appellee, Oscar Wilkinson, sued appellant State Farm Fire and Casualty Company to collect the proceeds of a homeowner's insurance policy after the insured house was destroyed by fire.[1] State Farm denied Wilkinson's claim, alleging that Wilkinson intentionally set fire to the house himself and that the insurance policy was void because of several material misrepresentations Wilkinson made when he applied for the insurance. The jury returned a verdict in favor of Wilkinson in the amount of $38,233.90. State Farm raises several issues on appeal and Wilkinson, as cross-appellant, raises additional issues. We hold that the district court's instructions to the jury were contradictory and incorrect and therefore remand for a new trial. Thus we do not discuss the other issues presented by State Farm and Wilkinson.

The operative facts of this case are quite simple.[2] On February 27, 1978, Oscar Wilkinson took out a homeowner's insurance policy with State Farm covering a house located in Raleigh, Mississippi. The policy provided $29,000 coverage for the house itself, $14,500 for its contents, and $2,900 for temporary living expenses. On September 25, 1978, a fire completely destroyed the home and its contents. State Farm denied Wilkinson's claim under the policy, however, for several reasons, including its contention that Wilkinson committed arson and set the fire himself.

Although there were no witnesses to the setting of the fire, State Farm presented circumstantial evidence at trial in an attempt to show that the fire was of an incendiary origin and that Wilkinson had both a motive and the opportunity to set the fire. Wilkinson denied setting the fire and offered expert testimony to counter State Farm's contention that the fire was intentionally set.

After the parties concluded their presentations, the district court read lengthy instructions to the jury on several issues including State Farm's burden of proof as to its allegation that Wilkinson intentionally burned the home.[3] Unfortunately, those instructions were contradictory. At one point, the court instructed the jurors that if they "are satisfied by a preponderance of the evidence that the defendant, Oscar Wilkinson, did wilfully cause said property to be destroyed by fire, then it would be your sworn duty to return a verdict for the defendant, State Farm Fire and Casualty Company." (T. 513–14) At another point, however, the judge told the jury that "[i]f you find from clear and convincing evidence in this case that Oscar Wilkinson wilfully caused the burning of the subject property, then in that event it would be your sworn duty to return a verdict for the defendant State Farm Fire and Casualty Company." (T. 513) Thus, the court instructed the jury to use two differ-

---

1. The suit was originally brought by Mrs. Winnie Gardner, Wilkinson's mother, on the theory that Wilkinson held the house in trust for her benefit. Her claim was dismissed early in the proceedings and is not before this court on appeal.

2. We delete many facts which are important to the case as a whole but not relevant to the jury instruction issue.

3. We find no merit in State Farm's contention that the district court's instructions on the burden of proving that Wilkinson made material misrepresentations in his application for insurance require reversal. We are persuaded by Wilkinson's argument that material misrepresentation must be proved by clear and convincing evidence. *See Brewster v. Bubba Oustalet, Inc.*, 231 So.2d 189 (Miss.1970). The jury instructions on material misrepresentation may indeed be contradictory; at one point the court applied the preponderance of the evidence standard and at another the clear and convincing evidence standard. Although the jury may very well have been confused, the confusion would benefit rather than harm State Farm since the more stringent standard appears to be the correct one.

ent standards.[4] The court later informed the jury that "[c]lear and convincing evidence must be evidence which is more convincing than that required in a civil case, which is a mere preponderance of the evidence." (T. 521) The jury therefore could not have resolved its dilemma by concluding that the two standards were equal. The district court was correct in instructing the jury that there is a distinct difference between the two standards of proof. Preponderance of the evidence in Mississippi, as elsewhere, simply means that evidence which shows that the fact to be proved is more probable than not. *See, e. g., Gregory v. Williams,* 203 Miss. 455, 35 So.2d 451 (1948); *Braud v. Kinchen,* 310 So.2d 657 (La.App.1975). Courts have more difficulty precisely defining "clear and convincing evidence," but they define the standard as requiring greater certainty than the preponderance of the evidence standard although perhaps less than the reasonable doubt standard. *See, e. g., Aponaug Manufacturing Co. v. Collins,* 207 Miss. 460, 42 So.2d 431 (1949); *Louisiana State Bar Association v. Edwins,* 329 So.2d 437 (La.1976); *Hobson v. Eaton,* 399 F.2d 781 (6th Cir. 1968).

The possible application of the wrong standard of proof may not warrant reversal if the misapplication would not harm the losing party, however. Although there are no Mississippi state court cases which establish the proper standard of proof in a case such as this one, a panel of this court recently held that the preponderance of the evidence standard is applicable to an insurance company's efforts to prove arson in Mississippi. *See Vicksburg Furniture Manufacturing, Ltd. v. Aetna Casualty & Surety Co.,* 625 F.2d 1167, 1169–70 (5th Cir. 1980). The contradictory instructions thus might have led the jury to apply the more stringent clear and convincing evidence standard to State Farm's case rather than the correct preponderance of the evidence standard. In a case such as the

present one, where proof is based almost entirely on circumstantial evidence and where contradictory testimony of experts is presented on the origin of the fire, we cannot say that the jury's result would not have been different had it been properly instructed. Since we cannot be sure that the jury applied the correct standard, and we cannot say that the application of the wrong standard would be harmless error, we must reverse and remand for a new trial.

There is no merit to State Farm's claim that the district court erred in denying its motion for a directed verdict and for a judgment notwithstanding the verdict. State Farm based its motions on the fact that the record title to the property was in the name of Wilkinson's son, rather than Wilkinson himself, at the time the policy was issued. It contends that the court should have held that Wilkinson's statement in his policy application that he was the owner was a material misrepresentation as a matter of law rendering the policy void. Although it is uncontested that Wilkinson had deeded the home to his son prior to the issuance of the policy, there is considerable evidence in the record to support Wilkinson's claim that he remained the true owner of the property and executed the deed merely as a matter of convenience at a time when he was about to undergo a serious operation and might have been forced to mortgage the home to pay for his medical expenses. Both Wilkinson and his son testified that they considered the father to be the true owner. There was sufficient evidence for the jury to find that equitable title remained with Wilkinson or to find that the son merely held title in constructive trust for his father. The trial court properly placed the material misrepresentation issue before the jury, and the jury obviously believed that Wilkinson was the true owner. Since there was substantial evidence to support the jury's verdict, the trial court properly denied State Farm's

---

4. The court instructed the jury to apply the preponderance of the evidence standard to the arson question only the one time quoted, but it instructed the jury to use the clear and convincing standard several times in addition to the one time quoted above.

motions. *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (en banc).

REVERSED AND REMANDED.