# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2011

No. 10-30696

Lyle W. Cayce
Clerk

In the matter of: JERRY MICHAEL HOLLANDER, JR; SHEILA STORY HOLLANDER

Debtors.

ROBERT SIGILLITO; RHONDA SIGILLITO,

Plaintiffs - Appellants,

v.

JERRY MICHAEL HOLLANDER, JR; SHEILA STORY HOLLANDER,

Defendants - Appellants.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 10-392

Before JOLLY, ELROD, and HAYNES, Circuit Judges.

1

No. 10-30696

PER CURIAM:*

This case arises from a bankruptcy dispute about a house in Louisiana that Plaintiffs-Appellees Jerry and Sheila Hollander sold to Defendants-Appellants Robert and Rhonda Sigillito. The Sigillitos sued the Hollanders seeking rescission, damages, and attorneys' fees under state law redhibition and fraud statutes. The bankruptcy court ruled in the Sigillitos' favor on the redhibition theory and issued a judgment in their favor for damages. However, the bankruptcy court ultimately found against them on their fraud claim and therefore did not grant attorneys' fees. In this appeal, the Sigillitos challenge the bankruptcy court's findings with respect to fraud and attorneys' fees. The Hollanders do not appeal. Because we agree that the bankruptcy court applied the incorrect burden of proof to its determination of fraud, we REVERSE the bankruptcy court's judgment and REMAND for further proceedings.

**I.**

In August 1994, the Hollanders moved into a house located in Mandeville, Louisiana. About two years later, they noticed that the wood floors were warping. By August 2000, the wood floors on the first floor of the house had completely buckled. The Hollanders accordingly filed a claim against Allstate Insurance Company, their homeowners' insurer. Allstate denied the claim, forcing the Hollanders to pay for the repairs themselves. The Hollanders hired a construction company to make the necessary repairs. The contractor's investigation revealed damage due to rot. The Hollanders

---

*Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 10-30696

followed the recommendations of the contractor with respect to repairs, and took numerous steps to attempt to make sure that the problem was remedied. They then listed the house for sale, signing a property disclosure statement indicating that the "entire wood flooring" of the house had been replaced due to "poor millwork of initial flooring." A later disclosure statement indicated that they had "replaced glued down Brazilian cherry flooring with nailed down flooring throughout first story." Neither of their disclosure statements mentioned mold, rot, or moisture.

In 2002, the Hollanders agreed to sell their house to the Sigillitos for $540,000.00. The home inspector the Sigillitos hired to examine the house did not notice any moisture or rot. However, the Sigillitos allege that within two weeks of moving into the house, the wood floors were starting to "cup" and they noticed mold and mildew. By August 2000, the wood floors on the first floor of the house had completely buckled. The Sigillitos asked the Hollanders whether they had experienced any moisture problems while living in the house. The Hollanders denied any such problems. The Sigillitos followed up with a letter asking the Hollanders whether they had experienced any moisture problems, warping wood floors, or mildew growth. The Hollanders did not reply.

Six months later, the Sigilittos hired a contractor to perform another inspection of their house. The contractor recommended substantial renovations to fix the problem. In March 2003, the Sigillitos filed suit in Louisiana state court seeking either a reduction in the purchase price, payment for repair expenses, or rescission of the sale. In September 2004, before the case was resolved, the Hollanders filed a Chapter 7 voluntary

3

No. 10-30696

petition for bankruptcy. The Sigillitos commenced an adversary proceeding, seeking to have their claim for damages pending in Louisiana state court excepted from discharge on the grounds that the Hollanders obtained $540,000.00 under false pretenses, false representations, and/or actual fraud. The bankruptcy complaint also incorporated the allegations made in state court.

In the adversary proceeding, the Sigillitos alleged that the Hollanders had made several misstatements and misrepresentations regarding the property's condition. The complaint further incorporated the allegations the Sigillitos had made in their state court petitions, seeking damages for redhibition and fraud under state law. The bankruptcy court held a week-long trial in July and August 2008. In its post-trial memorandum opinion, the bankruptcy court found that the house had a defect, which existed at the time of sale, due to improper ventilation of crawlspace which caused the wood floors to cup and mold to spread. In so holding, the bankruptcy court rejected the Hollanders' arguments that the moisture problem had been fully remedied by their efforts prior to the sale. The bankruptcy court also determined that the Sigillitos did not know of the defect prior to purchasing the house, and that because they hired an expert to conduct a pre-sale inspection, they were under no obligation to investigate further before closing the sale. The bankruptcy court therefore found that the Hollanders were bound to remedy the defect, and assessed damages in the Sigillitos favor. The bankruptcy court also found that rescission of the sale was not an appropriate remedy. The bankruptcy court made no finding as to state law fraud.

The bankruptcy court then turned to the question of whether the

4

No. 10-30696

Sigillitos' claims should be excepted from discharge in bankruptcy. The bankruptcy court noted those claims would only be non-dischargeable if they were incurred as a result of false pretenses, false representations, or actual fraud. The bankruptcy court examined the representations made by the Hollanders to the Sigillito—particularly the two property disclosure statements—and found that the Hollanders' disclosures were misleading because they gave the impression of an entirely different cause for the flooring repair than what was known at the time. On that basis, the bankruptcy court found that the Hollanders' erroneous disclosure was "designed to deceive." In making that finding, the bankruptcy court considered the testimony of Mrs. Hollander during trial and determined that the Hollanders' "failure to disclose the extent of the alterations to their home was designed to avoid any chill on a potential sale." The bankruptcy court also found that the damage suffered by the Sigillitos satisfied the other elements in order to find a non-dischargeable claim. On that basis, the bankruptcy court found that the Sigillitos claim was non-dischargeable in bankruptcy, and issued a judgment in favor of the Sigillitos for $26,561.43 based on the repairs that the Sigillitos had carried out to the house.

The Sigillitos moved for reconsideration on the grounds that the bankruptcy court omitted certain repair expenses, and also on the grounds that the court should have awarded attorneys' fees as provided under Louisiana law when a finding of fraud or redhibition is made. The bankruptcy court granted the motion in part, amending the judgment to add

No. 10-30696

an additional repair cost award of $1,863 in favor of the Sigillitos.  The
bankruptcy court denied the motion with respect to attorneys' fees, and
therefore issued a revised judgment of $28,424.43, plus interest, in favor of
the Sigillitos.

The Sigillitos appealed the bankruptcy court's January 14, 2009
memorandum opinion and amended judgment to the district court.  The
Sigillitos argued that the bankruptcy court erred by not granting them
attorneys' fees on the basis of fraud. The Sigillitos also claimed that the
bankruptcy court had erred in calculating their repair expenses. Finally, the
Sigillitos contended that the bankruptcy court judge engaged in improper
questioning of witnesses at trial.

The district court turned first to the Sigillitos' fraud claim, finding that
the Sigillitos had properly set forth a fraud allegation and that the
bankruptcy court had failed to address that claim in ruling on their §523
claim. Therefore, the court remanded the case to the bankruptcy court to
determine whether the Sigillitos had proved their claim for fraud, and thus
whether they would be entitled to recover attorneys' fees under that theory.
The court, however, rejected the Sigillitos' other arguments.

 On remand, the bankruptcy court considered the Sigillitos' fraud claim,
relying on *Josephs v. Austin*, 420 So. 2d 1181 (La. App. 5 Cir. 1982), a case
holding that fraud must be "clearly and convincingly established and not
merely by a preponderance of the evidence." *Id.* at 1184. On that basis, the
bankruptcy court determined that although the Hollanders' failure to disclose
the condition of their house was deceptive, it was not fraud under Louisiana

No. 10-30696

law because the Hollanders' intent was to avoid "chilling" future sales of their house rather than to take an unjust advantage.

The Sigillitos again appealed the bankruptcy court's decision to the district court. They primarily took issue with the bankruptcy court's distinction between fraud and false pretenses, arguing that the bankruptcy court's finding as to the first necessitated the second. The district court disagreed. The district court also relied on *Josephs*, explaining that "the burden of proof is different with respect to non-dischargeability and state law fraud. Non-dischargeability must be proven by a preponderance of the evidence . . . [b]y contrast, proof of fraud must be made by clear and convincing evidence." The district court then considered and rejected the Sigillitos' argument that the findings underlying the bankruptcy court's non-dischargeability analysis required a finding of fraud. Rather, the district court held, it was not clearly erroneous for the bankruptcy court to find that the Hollanders believed in good faith that the defect was remedied by their repair efforts. The Sigillitos appealed.

## II.

This court applies the "same standards of review to the bankruptcy court's findings of fact and conclusions of law as applied by the district court sitting as an appellate court." *In re Jacobsen*, 609 F.3d 647, 652 (5th Cir. 2010). Thus, this court reviews a bankruptcy court's conclusions of law— such as the burden of proof for fraud—de novo, and findings of fact for clear error. *Id.* Mixed questions of law and fact are reviewed de novo. *In re Nat'l Gypsum*

7

No. 10-30696

*Co.* 208 F.3d 498, 504 (5th Cir. 2000).

## A.

The Sigillitos argue that the district court and the bankruptcy court below applied the wrong burden of proof to their fraud claim. They claim that under Louisiana law, which applies in this case, fraud needs to be proved only by a preponderance of the evidence. But the courts below used a "clear and convincing" evidence standard instead. That, the Sigillitos argue, was error, and requires reversal.

We agree. As the Hollanders themselves concede, the relevant Louisiana statute plainly states that "fraud need only be proved by a preponderance of the evidence." La. Civ. Code art. 1957. Indeed, the Louisiana Supreme Court has held that while "prior to January 1, 1985, the jurisprudence held that fraud had to be proven by clear and convincing evidence," the new article 1957 requires only a preponderance of the evidence. *Odeco Oil & Gas Co. v. Nunez*, 532 So. 2d 453, 457 n.3 (La. 1989). The case on which both the district and the bankruptcy courts relied for the proposition that fraud requires clear and convincing evidence, *Josephs v. Austin*, 420 So. 2d 1181 (La. App. 5 Cir. 1982), has been superceded, and those courts erred in relying on it.

This court has held that the application of the wrong burden of proof may require reversal, although we have cautioned that the possible "application of the wrong standard of proof may not warrant reversal if the misapplication would not harm the losing party." *See Gardner v. Wilkinson*,

8

No. 10-30696

643 F.2d 1135, 1136 (5th Cir. Unit A 1981).  Here, we cannot conclude that the bankruptcy court's apparent application of the clear and convincing standard rather than the preponderance standard was harmless.  The bankruptcy court found that while the Hollanders' disclosures to the Sigillitos were "designed to deceive," they did not commit fraud under Louisiana law—which is defined as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other," La. Civ. Code art. 1953—because their intent was to prevent the chilling of future sales rather than to obtain any unjust advantage.  That finding was necessarily based at least in part on the burden of proof used by the bankruptcy court—that is, the bankruptcy court's finding was in effect a finding that the Sigillitos had failed to show by clear and convincing evidence that the Hollanders' intent was fraudulent.  Applying the correct burden of proof, the bankruptcy court may come to the opposite conclusion.  We therefore must remand for the bankruptcy court to decide whether the Hollanders' false representations constituted Louisiana law fraud under the correct legal standard.[1]

REVERSED AND REMANDED.

---

[1] The $28,424.43 award entered by the bankruptcy judge and affirmed by the district judge has not been appealed to this court and remains unaffected by today's decision.    In addition, this case was briefed and argued before the Supreme Court issued its opinion in *Stern v. Marshall*, 131 S. Ct. 2594 (2011).  We leave it to the district court below to determine in the first instance whether *Stern* has applicability to further proceedings in this matter.